Clem Bell v. The State.

*No. 505. Decided November 19.*

1. **Continuance—Bill of Exceptions.**—In order to entitle the action of the court in overruling an application for continuance to consideration on appeal, the matter must be saved and perpetuated by a bill of exceptions reserved and taken at the trial in the lower court.

2. **Evidence—Confession of a Defendant to Officer.**—Where it appeared on a trial for theft of a watch that the defendant, when arrested, told the sheriff that he had taken the watch from the bureau of his employer, whereupon the officer warned him that any statement he might make could be used against him, after which the accused declared that his statement was true, *held*, that the testimony was admissible upon two grounds, to-wit, as a confession, and as testimony going to impeach defendant's testimony, who as a witness in his own behalf had testified that he had found the watch and chain in the road.

3. **Practice—Defendant as a Witness—Impeachment of.**—When a defendant makes himself a witness in his own behalf, he places himself on a plane with any other witness, and subject to impeachment in the same manner.

4. **Defendant's Right to Counsel.**— See a case where defendant complained of the action of the court in requiring his attorney to proceed with the trial of his case, when said attorney, with others, was engaged in the trial of another criminal case before a special judge, where it was *held*, that whilst the other party might complain that he was deprived of the services of the attorney, this defendant certainly had no right to complain, since he had the benefit of such services.

Appeal from the District Court of Rusk.    Tried below before Hon. W. J. Graham.

Appellant was indicted for the theft of property over the value of $20, to-wit, a watch and chain valued at $27.50, this being the aggregate value.

At the trial he was found guilty and his punishment assessed at two years confinement in the penitentiary.

The evidence established that the watch and chain were taken from the possession of O. M. Lawrence, as alleged in the indictment.    That it was taken from the defendant some two or three weeks afterward by Bird Mays, the father of Mrs. Lawrence, who recognized said watch and chain, at which time the defendant told him that he had borrowed said watch. After defendant was arrested and placed in jail, he stated to the sheriff that he took the watch out of the bureau drawer at Mr. Lawrence's, and after the sheriff had warned him that this statement might be used in evidence against him.

At the trial defendant testified as a witness in his own behalf.    He then stated that he had found the watch in the middle of the road and picked it up.

This is the substance of the testimony in the case.    Other matters complained of at the trial are sufficiently stated in the opinion of the court.

No briefs on file for either party.

SIMKINS, JUDGE.—Appellant was convicted of the theft of property over $20 in value, and sentenced to two years in the penitentiary, from which judgment he appeals to this court.

1. The application for a continuance having been overruled by the court, and no bill of exception taken thereto, it can not be considered. Willson's Crim. Stats., sec. 2187.

2. Appellant complains that the sheriff was allowed to testify as to confession of guilt made by him while under arrest.

The evidence shows that defendant made a statement to the sheriff to the effect that he had taken the watch and chain from the bureau of his employer. Upon trial he took the stand and stated that he had found the watch and chain in the road. The facts further show, that after the statement was made to the sheriff, that officer told him that his statement could be used against him, if he made it. After being warned appellant declared his statement to be true. The court admitted the evidence. We are of the opinion that there was no error; it was admissible on two grounds, as a confession and as impeaching testimony. Ferguson's case, ante, p. 93.

3. The same rule applies to the objection made to the testimony of Bird Mays. While defendant, by refusing to testify, can avail himself of all the safeguards the law threw around one whose lips were sealed under the policy of the common law, yet when defendant takes the stand and makes himself a witness in his own behalf, he, under the doctrine of the Meuly case (ante, p. 155), places himself on the plane of any other witness, and subject to impeachment in the same manner.

4. Defendant complains of the action of the court in requiring the attorney to proceed with the trial of this case when the attorney was engaged, with others, in the conduct of another criminal case before a special judge sitting in the same court. We can readily see how the defendant in the case on trial before the special judge can complain of the injury to his cause, if any was done, but do not understand how the defendant in the case at bar can complain, who had the benefit of the counsel's services.

There are no other questions raised that need be considered in the case, and the judgment is affirmed.

*Affirmed.*

Judges all present and concurring.