## J. M. SEBASTIAN v. THE STATE.

### No. 2019. Decided November 22, 1899.

**1. Witness—Opinion Evidence.**

On examination, where a witness was asked "if accused was not a fugitive from justice," and replied, "If fugitive from justice means out of the State, he was;" Held, the answer was not opinion, but the statement of the fact that the accused was out of the State.

**2. Evidence—Flight.**

It is legitimate to prove flight of the defendant after the commission of the crime, and that he was brought back from a distant State.

**3. Improper Remarks of Counsel—Practice.**

Improper remarks of counsel do not constitute material error where the court reprimanded him for said remarks and instructed the jury not to consider the remarks in any respect.

**4. Assault to Murder—Leading Question—Expert Opinion Evidence.**

On a trial for assault with intent to murder, it is competent to ask a medical expert "whether or not, in his opinion based upon the nature of the wounds inflicted, the weapon used was such as was calculated to produce death." The question was not leading, and it was competent for the expert to give his opinion in evidence as to the effect and consequences of the wound inflicted.

**5. Same—Expert Evidence.**

It is competent for a medical expert to state that each side of the ear, the temple and back of it, were places of tenderness, vital spots, and dangerous places upon which to receive a blow.

**6. Same—Character of Weapon.**

- On a trial for assault to murder, a medical expert who had examined the wounds upon the injured party may state that in his opinion the weapon used had power to cut as well as bruise, and that such instrument "might have been a piece of iron, a pistol, or knucks."

**7. Qualification of Medical Expert.**

It is not necessary that a physician should have been examined by a medical board as to his qualification for the practice of his profession before he is qualified to testify as an expert.

**8.  Evidence—Threats Against a Whole Family, No Individual Being Named.**

On a trial for assault to murder Pryor Stripling, threats by defendant against "all the Striplings" would include Pryor, and is competent evidence going to show the defendant's motive.

**9.  Improper Remarks and Misconduct of Counsel—Practice.**

The party excepting to improper remarks or misconduct of counsel must take a bill of exceptions, and also ask the court to instruct the jury to disregard the same.

**10.  Cross-Examination of Defendant as to Other Crimes.**

As affecting their credibility, a defendant or any of his witnesses may be asked, on cross-examination, whether they were under indictment for murder or any other felony.

**11.  Aggravated Assault—Charge on Assault to Murder.**

On a trial for assault with intent to murder, where defendant has been convicted of an aggravated assault, he will not be heard to complain of errors in the charge on assault to murder if there were such errors.

APPEAL from the District Court of McLennan.  Tried below before Hon. SAM R. SCOTT.

Appeal from a conviction of aggravated assault; penalty, a fine of $500.

The indictment charged appellant and one W. M. Gates jointly with assault with intent to murder Pryor Stribling on the 13th day of October, 1894.  Appellant was alone tried in this case.

No statement is required to further illustrate any of the questions discussed in the opinion.

*Baker & Ross*, for appellant.

*Rob't A. John*, Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of an aggravated assault, and his punishment assessed at a fine of $500.

Bill number 1 is substantially as follows:  On direct examination the State asked the witness John W. Baker the following question: "Do you know whether or not he was a fugitive from justice from the time of the assault to murder of young Stripling until you brought him back from Kentucky, a year or two afterwards?" to which question the witness answered:  "I will first see if I understand exactly what you mean.  If 'fugitive from justice' means out of the State, he was.  I do not know that he was out of the State all of that time."  And the county attorney also asked the following question:  "What were you doing towards trying to find out as to his whereabouts?" to which question defendant objected, which objection was by the court sustained, whereupon the county attorney made the following remark: "We think the jury get the idea, and that is all we want them to get," to which remark of the county attorney defendant excepted, whereupon the court asked the county attorney this question, "What idea?" and the county attorney replied, "The idea of his fleeing, your honor."

The court then said, "The jury will not consider the last remarks and intimation of counsel in this matter." To all of which questions and answers, and the ruling of the court therein, and the remarks of the county attorney, defendant excepted on the ground that the witness should state facts, and allow the jury to determine whether or not he was a fugitive from justice. We do not think these objections tenable, since the witness does not give an opinion, but states the fact that the party was out of the State. This proof is admissible on the ground that it goes to show the flight of appellant, which fact is permissible to be proved. Kirk v. State (Texas Crim. App.), 37 S. W. Rep., 443. As to the remarks of the county attorney above quoted, it will be seen that the court reprimanded him for same, and instructed the jury not to consider his remarks in any respect.

Appellant's second bill complains that the county attorney asked Dr. N. A. C. Mackey this question: "State whether or not, in your opinion, based upon the nature and character of the wounds, the weapon used was such as was calculated to produce death." Appellant objected because it was leading; that witness had already stated that he did not know the weapon used, and the jury should themselves conclude whether or not the weapon was calculated to produce death, from the nature and condition of the wounds. The witness answers: "My opinion is that the weapon would have produced death if the force had been sufficient. My opinion is that it was a matter of force, more than the weapon." We do not think any of the objections urged are tenable. The question is not leading. Nor are the two other grounds meritorious. The answer of the doctor, even if error, was harmless, in view of his answer as stated above. Furthermore, we have heretofore held that a physician, being an expert, could give his opinion as to the effect and consequences of the wound inflicted. Waite v. State, 13 Texas Crim. App., 169; Banks v. State, Id., 182; Powell v. State, Id., 244.

Bill number 3 complains that the court permitted Dr. N. A. C. Mackey to testify that each side of the ear, the temple, and back of it, were places of tenderness, vital spots, and dangerous to receive a blow there. We think this was testimony that the county attorney is authorized to elicit from an expert witness, and such the bill shows the doctor to be. See authorities supra.

Appellant, in his fourth bill, complains that the court permitted the State to ask Dr. N. A. C. Mackey, from his examination of the wounds, what his opinion was as to the character of the weapon used in inflicting the wounds. The witness answered: "My best judgment would be that it was some instrument that had the power to cut as well as to bruise. It might have been a piece of iron, a pistol, or knucks." We think this testimony was admissible, coming as it did from an expert witness.

Bill number 5 complains of the following: Dr. N. A. C. Mackey, upon his examination on his voir dire, was asked the following ques-

tion: "Have you been examined by the local board to practice medicine?" He replied: "No, sir; but I hold a diploma from a medical college in Tennessee." Whereupon defendant's counsel objected to the introduction of said witness on the ground that he was disqualified to testify as an expert, because he had not complied with the requirements of the statute, in that he had not been examined by the local board to practice medicine. The court overruled the objection. We do not think it is necessary for a physician to be examined by a medical board before he is qualified to testify as an expert. This is necessary in order to authorize him to practice medicine legally, but it has nothing to do with his qualification as an expert witness. Art. 3789, Rev. Civ. Stats.

Appellant's bill number 6 complains of the following: ."The State's witness Dugger was asked by the county attorney the following question: 'State the exact language (as near as you can remember) of the threat that was made against the Striplings by Sebastian.' Defendant objected on the ground that the record shows there were other Striplings than the prosecuting witness, Pryor Stripling, and, in order for the testimony to be admissible, they should show by the witness that the threat was made against Pryor Stripling, which objection was overruled, and witness answered, 'Sebastian stated to me that he never had been so illy treated in his life by any one up to that time as he had been by the Striplings, and that he would kill them, if it takes ten years, was the best of my recollection of what he said; and he said, "Revenge is sweet," and, "Old man, I know you would do it. I know you well enough to know that." ' " In Godwin v. State, 38 Texas Criminal Reports, 469, the court say: "It is always competent, as showing motive on the part of the defendant, to prove threats made by him against deceased; and the cases hold that, although the name of the deceased may not have been mentioned by defendant, yet, if it can be reasonably gathered that deceased was meant or alluded to, that threats to take his life or do him serious bodily injury are admissible." In this case the injured party was named Pryor Stripling. Defendant makes a threat against "all the Striplings." This certainly would include Pryor Stripling.

Bill of exceptions number 7 complains that, while the State witness Emmett Micks was being examined by the county attorney, he asked him this question: "Tell the jury what else you heard him say;" to which question defendant objected on the ground that the witness had just stated he had detailed all of the conversation which he heard between Gates and defendant, whereupon the county attorney made the following remark: "It takes no wise man to see that this is an unwilling witness." To this remark defendant excepted. There is no request on the part of appellant's counsel asking the court to instruct the jury to disregard this statement of the county attorney. The party excepting to the misconduct of counsel must take a bill of exceptions, and also ask the court to instruct the jury to disregard

the same. This was not done. Wright v. State, 37 Texas Crim. Rep., 146; Matthews v. State (Texas Crim. App.), 38 S. W. Rep., 172; Morris v. State, 35 Texas Crim. Rep., 213.

Bill number 8 complains that upon the cross-examination of defendant the county attorney propounded this question: "What other offense are you under indictment for?" to which appellant objected on the ground that it was immaterial, could not affect his credibility, and was calculated to prejudice his rights, which objections were overruled, and appellant answered, "For the charge of murder." And the ninth bill complains that the county attorney asked W. M. Gates, defendant's witness, this question: "State whether or not you have ever been indicted for any other offense than that of assault to murder upon Pryor Stripling." Appellant objected because immaterial, and not affecting the credibility of the witness; but the objections were overruled, and the witness answered that he was indicted under a charge of murder. We will consider these bills together. This was clearly within the rule whereby a party is authorized to introduce other crimes touching the credibility of the witness. The State was authorized to show that appellant and witness Gates were both under indictment for murder or any felony. Bell v. State, 31 Texas Crim. Rep., 276; Brazos v. State (Texas Crim. App.), 33 S. W. Rep., 540; Bolton v. State (Texas Crim. App.), 39 S. W. Rep., 672.

Appellant urges several objections to the charge of the court. We have carefully examined the same, and find that the court has applied the law to every phase of the evidence in this case. Appellant being convicted of a misdemeanor, to wit, of an aggravated assault, can not be heard to complain of errors in the charge on assault with intent to murder, if there were such errors. But we find from a careful inspection of the charge that the court did not err in the particulars complained of by appellant, but, on the contrary, the charge is an admirable presentation of the law applicable to the facts of this case. The court charged on assault with intent to murder, aggravated assault, self-defense, and simple assault, and provoking the difficulty. These phases, and each of them, were presented by the evidence, and properly given in charge to the jury. No error appearing in the record, the judgment is in all things affirmed.

*Affirmed.*