## Arthur Williams v. The State.

### No. 3919.   Decided January 12, 1916.

**1.—Burglary—Evidence—Flight—Cross-examination.**

Upon trial of burglary, there was no error in admitting evidence of defendant's flight, and to show upon cross-examination that he had been in several States since the alleged burglary. Following Benavides v. State, 31 Texas, 173, and other cases.

**2.—Same—Sufficiency of the Evidence.**

Where, upon trial of burglary, the evidence sustained the conviction under a proper charge of the court, there was no reversible error.

**3.—Same—Bill of Exceptions.**

Where the bill of exception did not disclose what the testimony would have been or whether it was material, the same could not be considered on appeal.

**4.—Same—Requested Charge.**

Where the requested charge was fully covered by the court's main charge, there was no error in refusing to submit it.

Appeal from the District Court of Wichita. Tried below before the Hon. E. W. Nicholson.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Ralph P. Mathis,* for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.—On question of bill of exceptions: Berg v. State, 64 Texas Crim. Rep., 612; Ryan v. State, 64 id., 628; Byrd v. State, 69 id., 35.

HARPER, Judge.—Appellant was convicted of burglary, and his punishment assessed at two years confinement in the State penitentiary.

Bill No. 1 shows that appellant objected to the "defendant being

compelled to testify on cross-examination that he had been in several States since the alleged burglary." Evidence as to flight immediately after the commission of crime is always admissible as a circumstance tending to show guilt. Benavides v. State, 31 Texas, 173; Mathews v. State, 9 Texas Crim. App., 138; Sebastian v. State, 41 Texas Crim. Rep., 248, and cases cited in sec. 350, Branch's Crim. Law.

The P. B. M. Department Store at Wichita Falls was burglarized on the night of the 19th of May. Melvin Dwight, constable at Childress, was on the train that night and testified he saw appellant and another negro get on the train about a quarter of a mile from the Wichita Falls station, with five grips. Three of these grips and a portion of the stolen property was afterwards recovered in Fort Worth.

Defendant, in bill No. 2, says, "the court erred in refusing to permit him to testify to what the other negro told him why the goods were to be placed on the train at the point testified to by the constable. The bill does not disclose what the testimony would have been, therefore we are unable to judge whether or not it would be material, if admissible.

The other bill in the record complains of the failure of the court to give special charge No. 1, requested by appellant. As it was fully covered by the court in his charge to the jury, there was no error in refusing to give it.

The judgment is affirmed.

*Affirmed.*