### H. MARSHALL v. THE STATE.

#### No. 5323. Decided April 2, 1919.

**1.—Carrying Pistol—Bill of Exceptions—Rule Stated.**

The bill of exceptions must disclose the relevancy and materiality of the excluded or admitted testimony, and inferences will not be indulged to supply the omissions. Following Luttrell v. State, 14 Texas Crim. App., 147, and other cases.

**2.—Same—Argument of Counsel.**

Where the remarks of State's counsel were not outside of the record, with the exception possibly of his reference to the little boy, but were not of such nature to cause a reversal, unless a requested charge had been refused, there was no reversible error.

Appeal from the County Court at Law No. one of Harris. Tried below before the Hon. R. M. Love, special judge.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

*W. B. Ware*, for appellant.—On question of argument of counsel: Crawford v. State, 15 Texas Crim. Rep., 501; David v. State, 54 Texas Crim. Rep., 236.

*E. A. Berry*, Assistant Attorney General, for the State.—On question of bills of exception: Clayton v. State, 67 Texas Crim. Rep., 311, 149 S. W. Rep., 119.

MORROW, Judge.—The appeal is from a judgment assessing a fine of one hundred dollars against appellant for unlawfully carrying a pistol.

The State's theory is supported by several witnesses who gave direct testimony to the possession of the pistol by the appellant under circumstances which would render his act unlawful. He introduced several witnesses who gave negative testimony controverting his possession of the pistol at the time in question, and introduced two small boys, one eight years of age, who testified that they saw the transaction and that the instrument which the appellant had was not a pistol but was a monkeywrench.

There are several bills of exceptions complaining of the admission of testimony, and some complaint of the exclusion of evidence. We have examined these bills and they disclose no error. We desire to remark in connection with them, however, that it was stated in an early case, Buchannan v. State, 24 Texas Crim. App., 195, that "A bill of exceptions taken to the exclusion of testimony must disclose the relevancy and materiality of the proposed testimony. Inferences will not be indulged to supply the omission of such essentials." Citing Luttrell v. State, 14 Texas Crim. App., 147; Sutton v. State, 16 Texas Crim. App., 490; Counts v. State, 19 Texas Crim. App., 450.

This rule holds good with reference to the admission of evidence. The bill to require consideration must be so drawn that the court on its examination may be able to decide, not only what the action of the court was, but the subject of it and its relation to the case. Vernon's Crim. Stats., vol. 2, p. 542, note 29 and cases collated.

There are some bills reserved to the argument of the State's counsel. One of these objects to the remark, "And the defendant says he did not have a gun, because he had a ring-tail monkey wrench." Another: "And this negro comes into court and brings these little boys, and has them to testify that way, to protect himself." In another bill the remarks were: "And that same little boy, God help him, riding, around with the negro, he used that little boy to come here into court, he subpoenaed him into court to cover his own guilty acts—it is debauchery of childhood." Another: "Shame on you for bringing a little innocent boy into this court, and hiding behind him." Another: "This little boy may be sleeping with this old negro because they are from the North and don't know any better." None of these remarks appear to have been outside of the record, and with the exception of the reference to the fact that the little boy was from the North and did not

know any better, we discern no impropriety. Certainly none of them were such as to be so obviously injurious and prejudicial to the appellant that they might not have been withdrawn had a special charge in writing been requested of the court. Branch's An. P. C., 362 and cases cited; and taken in connection with the fact that the lowest penalty was assessed and there was ample evidence to show the guilt of the appellant, we are of the opinion that there is nothing in the record which authorizes the court to reverse the judgment.

It is therefore affirmed.

*Affirmed.*