Ex Parte G. Clemmins, Alias, D. Flemming, & Al Duffy.

No. 6650.  Decided November 16, 1921.

**1.—Habeas Corpus—Jury and Jury Law—Jury Commissioners—Collateral Attack.**

Where the county in which the indictment was found, was by legislative Act transferred to another judicial district, and pending such legislation the judge of the former district purposely failed to appoint jury commissioners. in said county, but the judge of the district in which said county was transferred appointed such commissioners, and the grand jury was drawn thereunder, and the indictment found against defendant upon which he was convicted of a felony, there was no error in overruling a motion to set aside said conviction; besides, said judgment was not subject to collateral attack by *habeas corpus.* Distinguishing. Woolen v. State, 68 Texas Crim. Rep., 189, 150 S. W. Rep., 1165.

**2.—Same—Collateral Attack—Grand Jury—Habeas Corpus.**

To make the act of the grand jury in finding the indictment amenable to a collateral attack, by writ of *habeas corpus,* the organization of the grand jury must have been void and not voidable merely. Following Ex parte McKay, 82 Texas Crim. Rep., 221.

From Brewster County. Original application for *habeas corpus,* asking discharge of relator who was convicted of a felony.

The opinion states the case.

*A. M. Turney,* for relator.—Cited cases in opinion.

R. G. *Storey,* Assistant Attorney General, for the State.—Cited: Woolen v. State, 150 S. W. Rep., 1165.

MORROW, PRESIDING JUDGE.—This is an original application for writ of *habeas corpus.* Relators were convicted of a felony.

The judgments of conviction are assailed upon the ground that the indictment was not found by a legal grand jury. Prior to March 9, 1921, Presidio and Brewster Counties were in the Sixty-third Judicial District, and at that time were transferred to the Eighty-third Judicial District. See Acts of the Thirty-fifth Legislature, p. 126 Acts of the Thirty-seventh Legislature, p. 31. At the January term of the District Court of Presidio County the Judge of the Sixty-third Judicial District purposely refrained from appointing jury commissioners to make provision for a grand jury at the July term of court. Before the beginning of the July term and after March 9th, the District Judge of the Eighty-third Judicial District called a special term of the District Court of Presidio County, at which term jury commissioners were appointed and a grand jury drawn for the July term, which grand jury was organized and returned the indictments against the relators. The venue of their cases was transferred, upon motion of the trial judge, to Brewster County.

Article 384 of the Code of Crim. Proc. reads thus: "The district judge shall, at each term of the district court, appoint three persons to perform the duties of jury commissioners."

Article 389 provides that the jury commissioners shall select persons to be summoned as grand jurors for the next term of court, and Article 399 provides that if, for any cause, there is a failure to select a grand jury as directed in the articles mentioned, the District Court shall, upon the first day of its organization, direct a writ to be issued to the sheriff commanding him to summon the grand jurors. The relators have not given complete data concerning the matter, but from their application and from the statutes, we gather the foregoing to be a correct statement.

Relators contend that the conviction is rendered void by reason of the alleged fact that the grand jury which found the indictments was not organized according to law, and refer to the case of Woolen v. State, reported in 150 S. W. Rep. 1165; 68 Texas Crim. Rep. 189. In that case the district judge ignored the provisions of Article 384, and instead of following the command therein given, he, at the December term, 1911, appointed jury commissioners for the terms of the court beginning in the succeeding months of January, March and May. Woolen was indicted at the March term of the court. Based upon these facts, he made a motion to quash the indictment, which was overruled, and upon appeal from the judgment convicting him, this court held the trial court in error in refusing to sustain the motion to quash.

Relators in the instant matter made no motion to quash, prosecuted no appeal, but seek, in a collateral proceeding, to have the judgment of conviction annulled. We think the case of Woolen v. State would not be authority for such action. Not only was the decision there upon a direct attack upon the judgment of conviction, but the facts, and, in our opinion, the controlling principles, were different. At the time the district judge of the Sixty-third District failed to make provision for a grand jury at the July term of the District Court of Presidio County, he was cognizant that that county was no longer in his district but had been transferred to the Eighty-third Judicial District. There confronted him a condition not contemplated by Article 384. The District Judge of the Eighty-third Judicial District, in calling the special term, acted under the express direction of Articles 94 and 95 of the Code of Crim. Procedure, which we copy:

"The judge of the district in which a county may be situated, in which it is deemed advisable by such judge that a special term of the courts should be held, may convene such special term of the courts at any time which may be fixed by him. The said judge may appoint jury commissioners, who may select and draw grand and petit jurors in accordance with the law; said jurors may be summoned to appear before said courts at such time as may be designated by the judge thereof; provided, that, in the discretion of the judge, a grand jury need not be drawn or impaneled." (Art. 94.)

"The grand jury selected, as provided for in the preceding section, shall be duly impaneled and proceed to the discharge of its duties as at a regular term of the court." (Art. 95.)

There is a manifest difference in the status of this case and the procedure followed in Woolen's case, *supra*. There was no statute followed, but the only one controlling was disregarded. Even under the facts in that case, we are aware of no precedent which would have made the judgment subject to collateral attack. To make the act of the grand jury in finding the indictment amenable to collateral attack by writ of *habeas corpus,* the organization of the grand jury must have been void and not voidable merely. Ogle v. State, 43 Texas Crim. Rep., 219; Ex parte McKay, 82 Texas Crim. Rep. 221. The grand jury in question was composed, as the constitution directs, and its organization was obnoxious to no provision of the organic law of which we are aware. After the transfer of Brewster County from the Sixty-third Judicial District, it would seem that the judge of the Eighty-third Judicial District was under the necessity of choosing whether he would organize a grand jury under Article 399 or follow the provisions of Article 94 and 95, *supra.* By choosing the latter course, the grand jury was selected by commissioners, and under Article 399 it would have been selected by the sheriff. In either event, under the conditions prevailing, due to the legislative Act in reorganizing the districts, there would have been statutory authority for the procedure. Whatever may be the force in the reasoning of the Woolen's case,

*supra,* as applied to an attack by appeal, the record, to our mind, clearly is not one in which the judgment of conviction is to be overturned upon an *ex parte* hearing by way of *habeas corpus.*

The writ is denied.

*Writ denied.*