## EX PARTE C. R. HOLLAND.

No. 6713. Decided February 8, 1922.

Rehearing Denied March 22, 1922.

**1.—Habeas Corpus—Indictment—Illegal Grand Jury—Collateral Attack—Appeal—Conviction.**

Where relator sought release under an indictment for robbery by an application of writ of *habeas corpus* to this court, before he was tried, and claimed ·that the indictment was returned by an illegal grand jury because it was not selected by a jury commission, but by the sheriff under a writ issued under authority of the trial court at a special term, held: that this court is not cognizant of a collateral attack upon an indictment in which this court has annulled it, except in cases in which the constitutional provisions concerning the organization of the grand jury has been disregarded, and even in those cases not until after the accused had been convicted and either appealed or lost his right of appeal. Following Ex parte McKay, 82 Texas Crim. Rep., 221.

**2.—Same—Jury Commission—Selection of Grand Jury—Special Term.**

In the instant case this court is of opinion that the trial judge in failing, at the previous term of court, to provide for the selecting of the grand jury, at the special term did not act in an arbitrary manner in disregard of the provisions of the statute, as he did not foresee the need of a grand jury at the special term and therefore proceeded within the purview of article 399, C. C. P., and .had the sheriff to summon the grand jury under an order and writ directed by the court, although he was authorized to appoint jury commissions during the said special term. Following King v. State, 234 S. W. Rep., 1107, and other cases.

**3.—Same—Rehearing—Statutes Construed—Selecting Grand Jury—Special Term.**

Referring to article 94, C. C. P., relator insists that a grand jury cannot be selected under the provisions of article 399, C. C. P., but this court adheres to the conclusion expressed in the original opinion that the method of selecting grand and petty jurors mentioned, is not exclusive, but is cumulative of other provisions of the statute.

**4.—Same—Statutes Construed—Special Term—Grand Jury.**

At a regular term of the District Court the preferred way of selecting a grand jury is by jury commissioners, and that method is not to be arbitrarily disregarded at a special term, but article 399, C. C. p., is also available when it is not apparent that there will be need of a grand jury at the beginning of the term, and there was a good reason for not then appointing jury commissioners and causing a grand jury to be selected by them, and subsequent developments made the grand jury necessary it might be selected by the sheriff in accord with article 399, *supra*.

Appeal from the District Court of Bexar. Tried below before the Honorable S. G. Tayloe.

Appeal from a habeas corpus proceedings refusing to discharge relator from custody, on the ground that the indictment against him by said grand jury is void.

The opinion states the case.

*H. S. Groesbeck,* and *T. B. Monroe,* and *Fred Cowen,* for relator: —Cited Ex Parte Clemming, 234 S. W. Rep., 667; and cases cited in opinion.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, Presiding Judge.—Relator is under indictment for robbery. He claims that the indictment was returned by an allegal grand jury. It was not selected by a jury commission, but by the sherff under a writ issued under authority of the court at a special term.

The statute declares that the district judge, at each term of the District Court, shall appoint jury commissioners who shall select sixteen persons to be summoned as grand jurors for the next term of the district court, and says that: "If, for any cause, there should be a failure to select and summon a grand jury, as herein directed, . . . he shall, on the first day of the organization of the court, direct a writ to be issued to the sheriff, commanding him to summon . . . persons to serve on the grand jury." (Code of Crim. Proc., Art. 384, 389 and 399).

Article 94 of the Code of Crim. Procedure confers upon the district judge the authority, when he deems it advisable to do so, to call a special term of court, and in this article it is said: "The said judge may appoint jury commissioners, who may select and draw grand and petit jurors in accordance with the law; . . . provided, that, in the discretion of the judge, a grand jury need not be drawn or impaneled."

At the time that the special term was called, the trial judge refrained from directing that the jury commissioners should select grand jurors for the special term because, from his acquaintance with the docket and his view of the necessity for a special term and the business that would come before it, did not believe that a grand jury would be necessary.

There is no statute of which we are aware providing for the method of selecting grand jurors by the jury commission other than Article 384 of the Code of Crim. Proc., which requires the appointment of jury commissioners at the preceding term, and Article 389, which requires that the jury commissioners then appointed shall select the jury for the succeeding term. It was the opinion of the Hon. W. W. Walling the learned judge who organized and conducted the court that the only procedure by which the grand jury could be selected was that provided by Article 399, namely, to cause them to be selected by the sheriff under a writ duly ordered and issued.

The relator challenges the correctness of this position, contending that the action of the trial judge in purposely refraining from providing for a grand jury at the special term by causing their selection by jury commissioners was such an arbitrary disregard of the statutory provision of the state as rendered the grand jury impaneled without its selection by a jury commission void and indictments found thereby null. In support of this view, we are referred by him to the case of White v. State, 45 Texas Crim. Rep. 597, which was one in which there was an appeal from a conviction. A motion to quash the venire was made and overruled. From a statement of the judge presiding, it was made to appear that pursuant to his custom, he purposely refrained from an appointment of jury commissioners as required by the statute for the reason that the jurors thus selected were not diligent in attending, and that expense would be curtailed by having the jurors selected by the sheriff.

The Constitution confers upon one accused of crime the right of trial by jury and declares that the right shall remain inviolate, and provides that the Legislature shall pass laws to regulate it, and preserve its purity and efficiency. It was doubtless correctly held that the arbitrary disregard of the law so enacted was an abridgment of the right conferred by the Constitution.

Woolen's case, 68 Texas Crim. Rep. 189, to which we are also referred, was an appeal from a conviction in which complaint was made of the action of the trial court in overruling the motion to quash the indictment. The facts disclosed that the trial judge, at the previous term of court, selected jury commissioners and they, upon his direction, selected grand jurors not only for the next but for several succeeding terms of court, and that the grand jury indicting the accused was impaneled, not at the next but one of the subsequent terms of court and composed of men selected by the jury commission named, as above stated. The reason given for thus proceeding was, in substance, that the trial judge regarded that as a better way than the one provided by law. The court held that there was error in failing to sustain the motion to quash the indictment. Woolen's case was followed in Mayfield's case, 68 Texas Crim. Rep. 276, and Anderson's case, 71 Texas Crim. Rep., 253; 158 S. W. Rep. 1198, and in Donegan's case, 89 Texas Crim. Rep., 193, 230 S. W. Rep. 166. It will be noted that in each of these cases there was an appeal from a judgment of conviction and from an order overruling a motion made in the trial court to quash the indictment.

The matter now under consideration is not an appeal from a judgment of conviction, but an attack on the indictment in a collateral proceeding. In these particulars, the procedure in this matter differs in a substantial way from that pursued in the cases cited. We are cognizant of no instance of a collateral attack upon an indictment in which this court has annulled it except in cases in which the

constitutional provision concerning the organization of the grand jury has been disregarded. Harper v. State, 90 Texas Crim. Rep., 252; Ogle v. State, 43 Texas Crim. Rep., 219. And in those cases, the authority of this court was not exercised until after the accused had been convicted and either appealed or lost his right of appeal. This is to say, he had exhausted his remedy in the trial court. It is on the trial and not by way of habeas corpus that the motion to quash the indictment should be urged. Ex parte McKay, 82 Texas Crim. Rep. 221. In our opinion, the matter here under investigation differs from the cases relied upon not alone in the matter of procedure but in substance also. In the instant case, we think the trial judge in failing, at the previous term of court, to provide for the selection of the grand jury at the special term, did not act in an arbitrary manner in disregard of the provisions of the statute. He did not foresee the need of a grand jury at the special term. In the light of his knowledge of the matters that would come before it, he decided that no grand jury would be required. None was required at the time he so determined, but subsequent events made one necessary. In our opinion, his previous conduct was not such as prevented its selection. The conditions under which he proceeded apparently come within the purview of Article 399, wherein it is said that if *"for any cause,"* there should be a failure to select a grand jury, one may be summoned by the sheriff under an order and writ directed by the court. The only other articles of the statute referring to the matter are those which contemplate the selection of the grand jury in advance, —Art. 384 and 389, supra.

We are not prepared to say, however, that the trial judge would have been impotent to appoint jury commissioners during the special term and have them select the jury. That matter, however, is not necessarily involved inasmuch as that was not the method selected in the instant case. We are firm in our opinion, however, that the procedure adopted to secure the grand jury after it was determined that the public business required one, being one of the methods designated by the Legislature, there is no such vice in its selection as may be successfully assailed in an application for writ of habeas corpus. See King v. State, 90 Texas Crim. Rep., 289, 234 S. W. Rep., 1107; Ex parte Clemming, 90 Texas Crim. Rep., 261, 234 S. W. Rep., 667; Sanchez v. State, 39 Texas Crim. Rep., 390.

The order of the district court in refusing to discharge the relator is affirmed.

*Affirmed.*

ON REHEARING.

March 22, 1922.

MORROW, Presiding Judge.—Referring to Article 94 of the Code of Crim. Proc., in which it is said that at a special term, the court may appoint jury commissioners, relator insists that a grand jury cannot be selected under the provisions of Article 399. The language used is that "the judge may appoint jury commissioners, who may select and draw grand and petit jurors in accordance with the law." We feel constrained to adhere to the conclusion expressed in the original opinion that the method of selecting grand and petit jurors mentioned is not exclusive, but is cumulative of other provisions of the statute pertaining to the selection, impaneling and organization of grand and petit juries in district courts.

Article 94, supra, is found in the Legislative Acts of 1905, Chap. 83. Prior to that time, the authority for organizing special terms of the District Courts was in Chap. 4, Title 28, of the Statutes of 1895. It is expressly declared in Chap. 83 that Chap. 4 was not repealed save in so far as it was inconsistent with said Chap. 83. It is conceived that in neither of these Acts was it intended to embrace all of the law governing the organization of special terms of District Courts but only to provide a method of organizing them, contemplating that in their conduct and procedure they would follow the provisions of the law applicable to regular terms of the District Court which are not inconsistent with the provisions of the legislative Act authorizing their organization. On this subject, it is said in Ex parte Young, 49 Texas Crim. Rep. 539:

"We think it will be conceded when a district court is constituted; that is, organized for a term, general or special, it can do anything which a district court can do, unless restrained by law, either the law of its creation and organization, or some other law." See Corpus Juris, Vol. 15, p. 894, Sec. 254.

The characteristics of a District Court and the statutory procedure governing it were well understood at the inception of the law authorizing the organization of special terms at the time of its amendment by Chap. 83. See Const. Art. 5, Sec. 8; Whitener v. Belknap, 89 Texas 280; Rochelle v. State, 89 Texas Crim. Rep. 593.

In Chap. 4, supra, restrictions were put upon the power of the District Courts at a special term to have a grand jury or appoint jury commissioners. Such a term was not authorized to deal with other than accumulated business. The new statute removed these restrictions. In its provisions, there seems no conflict with Article 1118, which is contained in the Acts of 1895, which reads thus:

"The juries for any special term shall be summoned in accordance with the law regulating juries at regular terms of court, and at any special term all proceedings may be had in any case which could be

had at any regular term of such court, . . . and all proceedings had in any case, criminal or civil, which would be lawful if had at a regular term, shall have the same force and effect.''

Commenting upon Chapter 83, supra, this court said:

''We agree with counsel for relator that the Act of the Twenty-Ninth Legislature does not assume to repeal the provisions of the former act, except as inconsistent therewith; and it occurs to us that the judge who ordered the special term, for the purpose of sentencing relator, followed the procedure indicated in the old law, so far as the same was consistent with the new act on the subject of ordering special terms.'' (Ex parte Boyd, 50 Texas Crim. Rep. 312.)

Under the present statute, in our judgment, a special term of the District Court, when organized, has the same power and governed by the same procedure as a regular term. At a regular term, the preferred way of selecting a grand jury is by jury commissioners. This is emphasized in White v. State, 45 Texas Crim. Rep. 597; and Woolen v. State, 68 Texas Crim. Rep. 181, to which we referred in the original opinion, and that method is not to be arbitrarily disregarded at a special term. But with this qualification, article 399 of the Code of Crim. Proc., is, in our judgment, also available, and in this connection, we will add that in a case like the present where it is not apparent that there will be need for a grand jury at the beginning of the term and there was good cause for not then appointing jury commissioners and causing a grand jury to be selected by them, and subsequent developments made a grand jury necessary, it might be selected by the sheriff in accord with Article 399. See King v. State, 90 Texas Crim. Rep., 289, 234 S. W. 1107.

Deeming the conclusion expressed in the original opinion to properly dispose of the question revealed by the record the motion for rehearing is overruled.

*Overruled.*