### Jack Bennett v. The State.

No. 7493.   Decided May 23, 1923.

Rehearing denied October 17, 1923.

1.—Transcript—Certiorari—Delay.

Where the errors appearing in the transcript were attributable to the carelessness of the clerk in preparing the transcript for this court, the writ of *certiorari* is granted, and that officer enjoined to use more care in the preparation of records.

2.—Same—Sale of Intoxicating Liquor—Jury and Jury Law—Special Term—Jury Commissioners.

Where the trial took place at a special term of the court, and the failure to have the jury commissioners select the jury, because at the time it was determined to order a special term, the end of the regular term was too near at hand to permit the assembling of the jury commissioners to select the jury for the special term, there was no error in the selection of the jury by the sheriff. Following Ex Parte Holland, 230 S. W. Rep., 654.

3.—Same—Suspended Sentence—Statutes Construed.

In a prosecution for violation of the so-called Dean law, one over twenty-five years of age cannot be accorded the suspended sentence. Following Davis v. State, 93 Texas Crim. Rep., 192, 246 S. W. Rep., 396.

4.—Same—Evidence—Bill of Exception.

In the absence of anything in the bill of exceptions to indicate the relation of the matters inquired about to the case nor their relevancy or materiality, the same cannot be considered on appeal. Following Marshall v. State, 85 Texas Crim. Rep., 131, and other cases.

5.—Same—Evidence—Confession—Other Offenses.

The preliminary statement in the confession that it was a voluntary statement to the county attorney is a part of the document signed by the *defendant,* and his contention that it does not   affect him is but an ex parte statement, and is unsound;   moreover, proof was admissible on cross-examination that he was charged with other offenses.

**6.—Same—Purchaser—Accomplice.**

By statute, under Acts of the Thirty-seventh Legislature, Second Called Session, the purchaser of intoxicating liquor is not an accomplice witness.

**7.—Same—Evidence—Delivery—Charge of Court—Confession.**

Where, upon trial of selling intoxicating liquor, there was no affirmative testimony that the delivery of the whiskey was not made there was no reason for an affirmative charge singling out the question of delivery and instructing the jury upon it; the confession being an issue of fact was properly submitted to the jury.

**8.—Same—Confession—Requested Charge—Rule Stated—Corpus Delicti.**

Where the evidence was sufficient, although partly circumstantial, to establish the *corpus delicti*, there was no error in refusing a requested charge that defendant's confession alone would not support a conviction. The law does not demand that independent evidence shall establish the *corpus delicti*. Following Kugadt v. State, 38 Texas Crim. Rep., 694, and other cases.

**9.—Same—Argument of Counsel—Bill of Exceptions.**

Where the complaint to argument of counsel was a mere objection, not verified by the court, the same is not sufficient to disclose error, besides the argument itself was not such as to require a reversal.

**10.—Same—Conduct of State's Counsel.**

Where it did not appear from the record that the remarks of the county attorney were not based upon the evidence adduced upon trial, there was no reversible error.

**11.—Same—Rehearing—Jury Commissioners—Statutes Construed.**

Where it appeared from the record on appeal that to have appointed jury commissioners after the special term convened to draw a jury which would have been available at the trial of appellant would have resulted in delaying the dispatch of business by the court, there was no arbitrary disregard of the provisions of the statute, authorizing the selection of juries at a special term of the District Court, however much the better practice is to have both grand and petit jurors drawn by jury commissioners.

Appeal from the District Court of Montague. Tried below before the Honorable C. R. Pearman.

Appeal from a conviction of selling intoxicating liquor; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Chancellor & Bryan,* for appellant. On question of intentional failure to select jury commission, Gunn v. State, 234 S. W. Rep., 399; King v. State, 234 S. W. Rep., 1107, and cases cited in opinion.

On question of argument of counsel, Dunn v. State, 212 S. W. Rep., 513.

On question of delivery of liquor, White v. State, 85 id., 9.

On question of corroboration of confession, Meek v. State, 160 S. W. Rep., 698; Ingram v. State, 182 id., 296; Miller v. State, 189 id., 261.

*R. G. Storey*, Assistant Attorney General, for the State.

HAWKINS, Judge.—Appeal is from a conviction for selling intoxicating liquor, with a penalty of two years in the penitentiary.

Appellant has filed application for *certiorari* to correct the transcript, pointing out many alleged mistakes and errors therein, and asserting that it is impossible for him to brief his case in the present condition of the record. The errors appear to be attributable to the carelessness of the clerk in preparing the transcript for this court. We must enjoin upon such officers more care in the preparation of records to the end that useless delays may be avoided.

The *certiorari* is granted as prayed for.

*Certiorari granted.*

MORROW, Presiding Judge, absent.

MORROW, Presiding Judge.—Conviction is for the unlawful sale of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of two years.

The witness W. S. Cox is named in the indictment as the purchaser. According to his testimony, he made arrangements with the appellant to get a quart of whisky. Afterwards, while appellant was riding in an automobile, Cox gave him a five-dollar bill. Appellant asked him where he put the whisky and Cox replied that he put it in the pocket of the car. After riding several blocks more, appellant got out of the car. Cox did not look in the pocket. The car was searched by the witness Walker and a quart of whisky was found in the pocket.

Appellant's confession was introduced in which he declared that he received five dollars from Cox and put the whisky in the pocket of the car at the place where it was found when the car was searched.

The first bill of exceptions refers to a motion to quash the jury panel. The jurors were summoned by the sheriff. The complaint made is that the trial judge purposely refrained from selecting the jury commissioners. The trial took place at a special term of the court, convened on the 7th day of August and called on the 15th day of July. It is admitted in the bill that the failure to have the jury commissioners select the jury for the special term was intentional, "because at the time it was determined to order a special term, the end of the regular term was too near at hand to permit the assembling of the jury commissioners to select the jury for the special term." In our judgment, the selection of the jury by the sheriff was, under the facts stated in the bill, not illegal. The failure to select jury commissioners was not an arbitrary disregard of the statute, Article 384, Code of Crim. Proc., but the reason given

by the court was deemed by him sufficient to justify his action, and under the facts before us, we are not in a position to say that he was wrong. The cases relied upon, Woolen v. State, (68 Texas Crim. Rep., 191) and White v. State, (45 Texas Crim. Rep., 597) are not authority for the contention that in every case of international failure to select a jury commission to select the jury for the succeeding term nullifies the power to select a jury by other means provided by law. The law now authorizes the calling of a special term even in vacation. Obviously the special term of court cannot function without a jury. The power vested in the judge to call such a term at any time necessarily implies that it is not demanded that jury commissioners must select jurymen for it. Speaking with reference to a grand jury in Ex parte Holland, 91 Texas Crim. Rep., 339, (238 S. W. Rep., 654), we used this language:

"Under the present statute, in our judgment, a special term of the District Court, when organized, has the same power and is governed by the same procedure as a regular term. At a regular term, the preferred way of selecting a grand jury is by jury commissioners. This is emphasized in White v. State, 45 Texas Crim. Rep., 597, 78 S. W. 1066, and Woolen v. State, 68 Texas Crim. Rep., 181, 150 S. W. 1165, to which we referred in the original opinion, and that method is not to be arbitrarily disregarded at a special term. But with this qualification, article 399 of the Code of Criminal Procedure, is, in our judgment, also available, and in this connection we will add that in a case like the present, where it is not apparent that there will be need for a grand jury at the beginning of the term and there was good cause for not then appointing jury commissioners and causing a grand jury to be selected by them, and subsequent developments made a grand jury necessary, it might be selected by the sheriff in accord with article 399. See King v. State, 90 Texas Crim. Rep., 289, 234 S. W. Rep., 1107."

In prosecutions for violation of the so-called Dean Law, (Chap. 61, Acts of the 37th Leg., 1st & 2nd Called Sess., page 233), one over twenty-five years of age, cannot be accorded the suspended sentence. The validity of this provision has been asserted on several occasions by this court. See Davis v. State, 93 Texas Crim. Rep., 192, 246 S. W. Rep., 396.

Inquiries were made by the State of the witness Cox concerning a purported statement previously made by him. The statement was excluded and its contents are not revealed by the bill. Nothing in the bill indicates the relation of the matters inquired about to the case; nor their relevancy or materiality. Such a bill does not overcome the presumption indulged in favor of the correctness of the court's ruling. See Buchanan v. State, 24 Texas Crim. App. 195; Luttrell v. State, 14 Texas Crim. App. 147; Vernon's Texas Crim.

Stat., Vol. 2, p. 542, note 29; also Vernon's Tex. Crim. Stat., Vol. 2, Sup. 1922, p. 2513, note 29; Marshall v. State, 85 Texas Crim. Rep., 131.

The objection to the admission in evidence of the appellant's written confession upon the ground that it was not voluntary is supported by no recital of the facts in the bill. The preliminary statement in the confession that it was a "voluntary statement of Jack Bennett made to me, Paul Donald, County Attorney" is a part of the document signed by the appellant, and his contention that it does not affect him, but is an ex parte statement of the county attorney is deemed unsound. Appellant having become a witness in his own behalf, proof by him on cross-examination that he was charged with other felonies, was admissible upon the question of credibility. Branch's Ann. Texas P. C., Sec. 167.

The purchaser of the intoxicating liquor was not an accomplice witness. The statute so declares. See Chap. 61, Acts of the 37th Leg., 2nd Called Sess., Sec. 2c.

In his confession, the appellant admitted that he sold the witness Cox a quart of whisky for five dollars; that he received the money and put the whisky at a certain time in the right-hand pocket of Cox's automobile at which place, while he was riding with Cox, he was told to put it. Cox testified that he bought the whisky and told the appellant to put it at the place mentioned, and it was shown by the sheriff that almost immediately after the appellant got out of the car, it was searched by the sheriff and the bottle of whisky was found at the point named. Cox testified that he made no examination of the pocket and did not know whether the whisky was there or not. There was no affirmative testimony that the delivery of the whisky was not made, and we discern no reason for an affirmative charge singling out the question of delivery and instructing the jury upon it. The refusal of the request to do so was not error. The voluntary character of the confession was made an issue of fact and submitted to the jury under an appropriate charge.

A special charge was requested seeking to have the jury told that the appellant's confession alone would not support a conviction; that there must be other facts corroborative of the confession. In the instant case, the facts showing the commission of the offense and appellant's connection with it were proved independent of the confession. Some of the facts were circumstantial. They were nevertheless sufficient to establish the *corpus delicti*. The law does not demand that independent evidence shall establish the *corpus delicti*. It merely requires that the evidence independent of the confession, together with the confession, shall do so. Kugadt v. State, 38 Texas Crim. Rep., 694; Sowles v. State, 52 Texas Crim. Rep., 15; Branch's Ann. Tex. P. C., p. 1049; Ingram v. State, 78 Texas Crim.

Rep., 559, 182 S. W. Rep., 296; Corpus Juris, Vol. 16, p. 1514 In a case where the *corpus delicti* is proved by the confession alone, no conviction should be had. It is possible that a case might arise in which such a charge as that demanded by the appellant in the instant case should be given. Upon the record in hand, there was no error in refusing it. Mathew v. State, 39 Texas Crim. Rep., 555; Gallegos v. State, 49 Texas Crim. Rep. 115; Willard v. State, 27 Texas Crim. App. 386; Slade v. State, 29 Texas Crim. App., 381; Franks v. State, 45 S. W. Rep., 1013; Tidwell v. State, 40 Texas Crim. Rep., 38; Bailey v. State, 42 Texas Crim. Rep., 289; Nelson v. State, 65 S. W. Rep., 95; Murphy v. State, 43 Texas Crim. Rep. 515; Ellington v. State, 48 Texas Crim. Rep. 160.

In his argument to the jury, the county attorney made some comments upon the testimony of the witness Cox. Objection was made that they referred to a matter excluded by the court and that the testimony was not properly quoted. This is a mere objection, not verified by the court as a fact and is insufficient to disclose error. We perceive no vice in the argument of the county attorney to the effect that he could put issues of fact before the jury but that if law breakers were turned loose, the responsibility would be upon them. The county attorney in substance said that he thought there were conditions in the county brought on by the jurors violating their oaths and in failing to convict violators of the law and thereby increasing the commission of crime. He concluded with this statement:

"If you want to continue to add to this hoard and crowd back into society those who have been arraigned and indicted for law violations in this county, you need not be alarmed at the cluck of the Klansmen."

If improper, the argument does not impress us as one requiring a reversal of the judgment, especially in the absence of a request for a special charge that the jury be instructed to disregard it.

In another bill it is asserted that the county attorney in his argument sought to explain why the case against the appellant charging him with selling whisky to Dr. J. P. Thomas was dismissed. It does not appear from the bill that the remarks were not based upon the evidence adduced upon the trial. See Marshall v. State, 85 Texas Crim. Rep. 131.

Finding no error in the record justifying a reversal, an affirmance of the judgment is ordered.

*Affirmed.*

ON MOTION FOR REHEARING.

October 17, 1923.

HAWKINS, Judge.—Appellant insists with great earnestness both in his motion and upon oral argument that we were in error in sustaining the action of the trial court in refusing to quash the jury panel because summoned by the sheriff instead of having been drawn by jury commissioners.

In 1905 the Legislature authorized district judges to call special terms of court at any time by them deemed advisable. (See Art. 94, C. P.). Prior to that time special terms of court could only be called by an order entered during the then regular term. (Art. 1114, R. C. S., 1895). The law at that time provided that the jury commissioners for the regular term during which the special term was ordered, "*shall*, under the instruction of the court, select a venire for each week of such special term, etc." (Art. 1117, R. C. S. 1895.) Then and now the statute providing for selection of juries for regular terms of court provided that "The district court of each county *shall* at each term appoint" jury commissioners. (Art. 5132, R. C. S.) ,and that "the jury commissioners *shall* select, etc." the jury for the next regular term of court. When the Legislature in 1905 changed the law as to special terms, realizing that a call therefor could be made at any time, and that grand juries and petit juries would be necessry, provided that the judge at such special term "*may* appoint jury commissioners, who *may* select and draw grand and petit jurors, etc." (Art. 94 C. C. P.) We call attention to the change in the language used from "*shall*" to "*may*" without determining at this time whether any particular significance should be attached to it. Appellant relies principally, as we understand from his brief, on White v. State, 45 Texas Crim. Rep., 597, 78 S. W. Rep., 1066, and Woolen v. State, 68 Texas Crim. Rep., 189, 150 S. W. Rep., 1165. All, either of these cases hold, is that a judge may not arbitrarily ignore the statute regarding the selection of juries. In the opinion in Woolen's case this language does appear:

"Wherever the Legislature has provided the method and means by which a jury *may* or *must* be selected, the judiciary is not authorized because of some idea they may entertain of expediency or saving of cost or expense, to abrogate and set aside the plain provisions of statutory enactment."

We are in harmony with the general principles announced; but it must be borne in mind that the great jurist who wrote that opinion was construing different articles of the Code of Criminal Procedure and Revised Civil Statutes than that now under consideration which is Art. 94, C. C. P. In Ex partee Holland, 91 Texas Crim. Rep., 339, (238 S. W. Rep., 656) referred to in our original opinion, we had

before us the question of a grand jury, but it necessitated a construction of said Article 94. In the opinion on rehearing will be found this language:

"We feel constrained to adhere to the conclusion expressed in the original opinion that the method of selecting grand and petit jurors mentioned is not exclusive, but is cumulative of other provisions of the statute pertaining to the selection, impaneling and organization of grand and petit juries in the district courts."

We understand from the learned trial judge's qualification to the bill bringing the matter forward for review that the reason he did not appoint jury commissioners was lack of time. The order calling the special term for August 7th was made on July 15th, the last day of the regular term. It would hardly have been practicable to appoint jury commissioners and expect them to report before the adjournment of the regular term. The special term convened on August 7th, and this case was tried the same day. To have appointed jury commissioners after the special term convened to draw a jury which would have been available for the trial of appellant would have resulted in delaying the dispatch of business of the court. We have said this as bearing upon the question that no arbitrary disregard is shown of the provision authorizing the selection of juries at special terms of District Courts by jury commissioners, and that in our judgment no error is shown whatever construction may be given Article 94 of the Code of Criminal Procedure.

We again venture the suggestion contained in Ex parte Holland (supra) that where special terms of court are held much the better practice is to have both grand and petit jurors drawn by jury commissioners. This method is expressly authorized by the article of the statute under consideration, and to so select them would relieve the record of any question.

The motion for rehearing is overruled.

*Overruled.*