MALLEY LENNON v. THE STATE.

No. 12586. Delivered October 16, 1929.
Rehearing denied April 2, 1930.
Reported in 26 S. W. (2d) 227.

The opinion states the case.

*O. H. Rodes* of Emory and *Jones & Jones* of Mineola, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

HAWKINS, JUDGE.—Offense, murder; penalty, fifteen years in the penitentiary.

Appellant killed Paul and Virgil Hall at the home of his father. There was no witness present at the killing. Witnesses last saw the three together a few minutes before the killing and they were at that time apparently friendly. Appellant claims Paul and Virgil Hall accused him of derogatory remarks and actions toward their sister and that upon denial of such accusation he was attacked by them, one of them having a pistol and the other an iron bar, whereupon he shot them.

Motion was made to quash the indictment based upon the following state of facts: Two regular terms of court were provided by law for Rains County to be held in May and December of each year. At the regular May term the trial judge adjourned court without the appointment of any jury commission. A special term of court was held the following August when jury commissioners were appointed and a grand jury drawn, which subsequently returned an indictment for murder against appellant at the regular December term of district court. It is appellant's contention that the trial judge having intentionally failed to appoint jury commissioners at the regular term, the grand jury aforesaid was an illegal one and their action in indicting appellant was void. Arts. 1920 and 1921, R. C. S., (1925) authorize the calling of special terms of district court and grant power to impanel grand juries and vest in such court full authority to do the precise thing which was done in this case. Art. 5, Sec. 7, of the Constitution appears to vest authority in the Legislature to provide for such special terms and in obedience to such constitutional provision, the Legislature has so provided. We do not think there is any merit in appellant's contention and our conclusion is supported by the reasoning found in the following cases:

Stephens v. State, 93 Tex. Cr. R. 164; Gray v. State, 99 Tex. Cr. R. 310; Ex parte Martinez, 66 Tex. Cr. R. 1.

The mother of the two deceased Hall boys testified that she was at a social gathering at the house of appellant's father about a week prior to the killing and heard one Desmond say to appellant "So them boys are watching us and they know where that is at," and that appellant replied, "I am watching those boys and when I get a chance they won't talk." She testified this occurred at the west end of the house. On cross-examination she said her boys were in the house when she heard this conversation; that their names were not mentioned and that she did not know at the time to whom the conversation referred. As we understand the record it shows that after Mrs. Hall heard the statement made by appellant she watched him and observed that he was watching her boys and went to him and asked him why he was watching them. He denied that he was doing so and professed friendly feelings toward them. Appellant requested the court to withdraw her testimony embracing the threat on the ground that it was not shown to have been directed at either of the deceased boys. Miss Margaret Hall, a sister of the deceased boys, testified that on the occasion of the same social gathering she heard a conversation at the north end of the gallery between appellant and a party she did not know in which said party said to appellant, "Do you know if those boys know anything?" and appellant replied, "If they do they would not tell it because he would fix them where they could not tell it." Witness said after this statement was made they saw her; and the party talking to appellant said, "There is their sister," and appellant replied, "She won't tell anything, if she does I will fix her where she won't tell anything." Her testimony was objected to on the ground that the statement attributed to appellant applied to neither of the deceased boys.

The action of the court in admitting the testimony of Miss Hall and refusing to withdraw that of her mother is made the subject of bills of exception numbers one, two and three. The rule controlling is fairly stated by Mr. Branch as follows:

"Though the name of deceased be not mentioned when the threat was made, yet proof of same is admissible if it can be *reasonably gathered* that deceased was meant or included in the threat." Branch's Ann. Tex. P. C., Sec. 2072. The text is supported by Godwin v. State, 38 Tex. Cr. R. 466; Sebastian v. State, 41 Tex. Cr. R. 248; Howe v. State, 77 Tex. Cr. R. 108, 177 S. W. 497, and many other authorities collated under said Sec. 2072. It is very

clear that the testimony of Miss Hall was not obnoxious to the principle stated. Considering the entire record we believe the mother's testimony was not objectionable. Something occurred between appellant and the Hall boys on the night of the party at his father's house. Appellant says they were accusing him of some improper remarks regarding their sister. He denied making the statements attributed to him by Mrs. Hall and her daughter, but asserts that he was warned by Mrs. Hall in the presence of the daughter that he had better watch her boys. He was supported in this claim by other witnesses, but Mrs. Hall and the daughter denied that any such warning was given by Mrs. Hall. It was for the jury to determine the truth of the controverted facts and if they believed appellant made the statement attributed to him by Mrs. Hall it may be "reasonably gathered" from all the facts and circumstances in the case that the remarks applied to deceased.

Numerous criticisms of the court's charge are found in the record. If there was foundation for some of them the charge must have been corrected to meet appellant's suggestions. Considering the instructions as a whole—including those given at appellant's request—we deem the criticisms without foundation.

Many bills of exception are found in the record relating to matters not adverted to in our opinion. None of the bills have been overlooked, but they are believed to be without merit and they are not deemed of sufficient importance to justify discussion.

The judgment is affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The appellant was indicted at the November, 1926, term by a grand jury selected by a jury commission appointed by the district judge in August following the adjournment of the spring term of court. The power and authority under the circumstances to appoint jury commissioners at the special term of court is vested by the statutory law of this state. Supplementing the precedents cited in the original opinion, see Ex parte Holland, 91 Tex. Cr. R. 339; Bennett v. State, 95 Tex. Cr. R. 422.

In Bills of Exception Nos. 9 to 25 inclusive, covering 35 pages of the record, numerous criticisms are addressed to the charge of the court. Some of these are by way of exceptions to the main charge and some are embraced in special charges requested by the appellant. Of these criticisms we have made the most careful exam-

ination of which we are capable, but their number and length preclude a discussion in detail. We are constrained to reiterate the remarks made in the original opinion to the effect that apparently many of these attacks upon the charge were met by the court before the charge was read to the jury. Among the criticisms, it is claimed that apparent danger was not submitted; that the jury was not told that the pistol in the hands of the deceased was a deadly weapon; that the court failed to instruct the jury upon the right to defend against more than one assailant; that it was the appellant's right to continue to shoot; that there was an omission in the charge on threats and upon the law of manslaughter. The soundness of many of the propositions is not open to question, but so far as they are sound, apparently they are all embraced in the main charge or in the special charges given to the jury. In paragraph 7 of the court's charge there is embraced the law of self-defense, including the right to defend against real or apparent danger. In paragraphs 8, 9 and 11 the right to defend against either or both of his assailants was embraced. Threats by the deceased were made the subject of the charge in paragraphs 12 and 13, and the law applied to the facts. The appellant's first, second, fourth and sixth special charges were given to the jury, telling them that the pointing of a pistol at a person was an assault; that the pistol was a deadly weapon and if used by the deceased, the law presumed his intent to kill; that if the first shot was fired by the appellant in defending against apparent danger, he was privileged to continue to shoot until, as viewed from his standpoint, the danger ceased. In Special Charge No. 6, there was embraced a complete charge upon the law of manslaughter. That subject was adverted to in a supplemental charge given by the court.

Of the special charges that were refused, some are regarded by the court as presenting unsound legal propositions. The others are in substance the same as the various paragraphs of the court's charge covering the subjects to which the special charges relate.

Matters not here discussed have received specific attention in the original opinion, and the announcements there made, at the time the opinion was rendered and at this time, express the views of the court.

The motion for rehearing is overruled.

*Overruled.*