## ROBERT SMITH v. THE STATE.

### No. 1935. Decided June 29, 1900.

**1. Murder by Negro—Constitutional Law—Equal Protection.**

On the trial of a negro for killing a white woman, a motion to quash the indictment should have been sustained which was supported by evidence to the effect that there was great race prejudice against the negroes in the county; that the district judge had selected only white persons as jury commissioners, and that said jury commissioners had selected only white persons as grand jurors and had excluded negroes from service on the petit juries whilst there were many negroes in the county competent and qualified under the law to serve both as jury commissioners and as jurors. Where persons of the African race are excluded solely because of their race or color from serving as grand jurors in the criminal prosecutions of persons of the African race, the equal protection of the law is denied them contrary to the Fourteenth Amendment of the Constitution of the United States.

**2. Same—Objection to Grand Jury—Plea in Abatement, and Motion to Quash Indictment.**

Where a negro charged in the indictment with the murder of a white person has had no opportunity to challenge the grand jury which found the indictment against him, the objection to the constitution of the grand jury because negroes were excluded from service upon the same may be taken either by plea in abatement or by motion to quash the indictment.

APPEAL from the District Court of Grayson. Tried below before Hon. DON A. BLISS.

Appeal from a conviction of murder in the first degree; penalty, death.

Appellant was charged by the indictment with the murder of Arria Taylor, on the 18th day of January, 1899, by cutting her throat with a knife. Appellant is a negro, and deceased, Arria Taylor, was a white woman. A motion was made to quash the indictment upon grounds which are fully set out in the opinion.

No further statement is necessary.

*J. P. Cox, C. T. Freeman,* and *John C. Wall,* for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of murder in the first degree, and his punishment assessed at death.

In the view we take of this case, it is necessary to consider but one question. Appellant filed a motion to quash the indictment for the following reasons: (1) Because the jury commissioners appointed to select the grand jury which presented said indictment selected no persons of color or African descent, known as "negroes," to serve on said grand jury, but, on the contrary, excluded from the list all persons known as "negroes," because of their race, color, and previous condition of servitude. (2) Because said grand jury was composed exclusively of white people, although the population of the county consisted of about one-fifth negroes, many of whom were fully competent and qualified

to serve as grand jurors. (3) Because in Grayson County the white race entertains a strong social antipathy and prejudice against the negro race, because of their race, color, and previous condition of servitude. Furthermore, because the district judge, a white person, selected no one for jury commissioners except white persons. That appellant is a negro, and is charged with killing Arria Taylor, a white woman. That there are now about 2000 negroes in said county competent and qualified under the laws of the State to serve as such jury commissioners and to serve on the juries. (4) That said jury commissioners willfully excluded and refused to select any negroes to serve on such jury. (5) Because the negro race for twenty years has been excluded from service as jury commissioners and as petit jurors in Grayson County. Upon the hearing of the motion, appellant introduced evidence substantially supporting the motion. In Carter v. State, 39 Texas Criminal Reports, 345, we passed upon this exact question, and held that the court did not err in overruling the motion to quash the indictment. A writ of error was sued out to the Supreme Court of the United States, and the decision in that case was there reversed. We have had no occasion to change our views therein expressed, and, were it an original proposition, would still adhere to our original opinion. But, as indicated, this matter has been passed upon by the Supreme Court of the United States, which in matters of this sort controls our action. See Carter v. Texas (decided April 16, 1900), 20 Supreme Court, 687, Adv. S. U. S., 687, 44 L. Ed., ——. After stating the question involved, Mr. Justice Gray, delivering the opinion of the court, used this language: "Whenever, by any action of a State, whether through its Legislature, through its courts, or through its executive or administrative officers, all persons of the African race are excluded, solely because of their race or color, from serving as grand jurors in the criminal prosecution of a person of the African race, the equal protection of the laws is denied to him, contrary to the Fourteenth Amendment of the Constitution of the United States. Strauder v. West Virginia, 100 U. S., 303, 25 L. Ed., 664; Neal v. Delaware, 103 U. S., 370, 397, 26 L. Ed., 567; Gibson v. Mississippi, 162 U. S., 565, 16 Supreme Court, 904, 40 L. Ed., 1075. When the defendant has had no opportunity to challenge the grand jury which found the indictment against him, the objection to the constitution of the grand jury upon this ground may be taken, either by plea in abatement or by motion to quash the indictment, before pleading in bar. United States v. Gale, 109 U. S., 65, 67, 3 Supreme Court, 1, 27 L. Ed., 857. The motion to quash on such a ground being based on allegations of facts not appearing in the record, those allegations, if controverted by the attorney for the State, must be supported by evidence on the part of defendant. Smith v. Mississippi, 162 U. S., 595, 601, 16 Supreme Court, 900, 40 L. Ed., 1082; Williams v. Mississippi, 170 U. S., 213, 18 Supreme Court, 583, 42 L. Ed., 1012. But the question whether a right or privilege claimed under the

Constitution or laws of the United States was distinctly and sufficiently pleaded and brought to the notice of a State court is itself a Federal question, in the decision of which this court, on writ of error, is not concluded by the view taken by the highest court of the State. Neal v. Delaware, 103 U. S., 370, 396, 397, 26 L. Ed., 567; Mitchell v. Clark, 110 U. S., 633, 645, 4 Supreme Court, 170, 312, 28 L. Ed., 279; Boyd v. Nebraska, 143 U. S., 135, 180, 12 Supreme Court, 375, 36 L. Ed., 103." Therefore, in deference to the opinion of the Supreme Court of the United States, we hold that the motion to quash the indictment should have been sustained. The record before us shows that for twenty years negroes had been excluded from service upon the juries.

We do not meed it necessary to discuss other matters contained in the record, as they will not likely arise upon another trial For the error discussed, the judgment is reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*