### JOHN KIPPER v. THE STATE.

No. 2105. Decided April 10, 1901.

**1. Race Prejudice—How Availed of—Grand Jury.**

On a trial for murder, where the defendant, a negro, has had no opportunity to challenge the grand jury which found the indictment against him, an objection to the constitution of the grand jury upon this ground may be taken by plea in abatement or by motion to quash the indictment before pleading in bar. If the motion is controverted, it must be supported by evidence on the part of defendant. Smith v. State, ante, p. 220.

**2. Same—Practice.**

Where the question of race discrimination is likely to occur the prisoner should be brought before the grand jury, at the time of its impaneling, for the purpose of exercising his right of challenge.

**3. Same—Petit Jury.**

Where the question of race prejudice is raised as to the constitution of the special venire and petit jury, the trial court should hear evidence and try the issue under the decisions of the Supreme Court of the United States, as repeatedly announced and followed by the decisions of this court.

**4. Breaking Jail to Rescue Prisoner Not Burglary.**

Penal Code, article 227, making it a felony to break jail for the purpose of effecting the rescue or escape of a prisoner therein confined, is not burglary, and has none of the elements of burglary except the breaking into the house. It is a distinct offense under our statute.

**5. Same—Charge of Court.**

On a trial for murder, where it appears that defendant and his confederates entered into a conspiracy to liberate their comrade from imprisonment in the city jail, in doing which the killing occurred, it was error for the court in its charge to submit the case upon the theory that the killing was in the perpetration of burglary and therefore murder in the first degree. Such charge submitted the case upon a false theory, not contemplated by provisions of article 227, Penal Code.

APPEAL from the District Court of El Paso. Tried below before Hon. A. M. WALTHAL.

Appeal from a conviction of murder in the first degree; penalty, imprisonment for life in the penitentiary.

Appellant was charged by the indictment with the murder of Newton Stewart, on the 17th of February, 1900, by shooting him with a gun and pistol. The third count in the indictment charged that the murder was committed in the perpetration of burglary, and that the entry was made for the purpose of effecting the rescue and escape of one Samuel Dyson, a prisoner confined in the city jail, which was broken into.

The court, in its charge to the jury, submitted the case upon the issue of murder as charged in the ordinary form in the first and second counts, but, in addition thereto, submitted the theory presented by the third count, and instructed the jury in reference to the law of burglary in connection with breaking into jail to effect the rescue and escape of a prisoner, and charged them, if they found the defendant guilty of murder, they would find him guilty of murder in the first degree.

Appellant was a negro soldier and sergeant in Company A, Twenty-fifth United States Infantry, stationed at Fort Bliss, some five miles from the city of El Paso. Newton Stewart was a police officer doing night duty at the city police station and assisting the jailer on the night of the 16th to 17th of February, 1900. Samuel Dyson, a negro corporal of the Twenty-fifth Infantry, had been arrested that night about 12 o'clock for being drunk, and put in the city jail or calaboose. Shortly after he was put in jail appellant Kipper and another soldier appeared at the station and demanded to see and take Dyson out of jail. This was denied them. Kipper returned to Fort Bliss and waked up several negro soldiers, and they armed themselves with guns and axes belonging to the United States government and went back to El Paso. With this party was a negro corporal, named Hull; when they reached the neighborhood of the city station, at about 3 a. m., Hull was sent in to demand Dyson. This he did, pointing his gun at Blacker, one of the officers at the station, who was in bed. Blacker seized his pistol and fired at Hull, and the negroes from the outside fired into the station. Newton Stewart, deceased, who was in the station, was mortally wounded, and the next morning the dead body of Corporal Hull was found lying in one of the streets adjacent to the police station.

In brief, these are the essential facts attendant upon the killing. Preliminary to the trial, defendant interposed motions for change of venue, for continuance and to quash the indictment, upon which motion the issue of race prejudice was raised, and the same issue was interposed also on the impanelment of the jury which tried the case. These motions were all overruled.

No further statement necessary.

*M. W. Stanton,* for appellant, upon the issue of race prejudice, cited Carter v. State, 20 Supreme Court Reports, 687; Smith v. State, 58 Southwestern Reporter, 97 (ante, page 220).

As to the error in the charge of the court with reference to burglary predicated upon the provisions of article 227, Penal Code, his proposition was as follows:

"The court erred in its charge to the jury by instructing the jury in reference to burglary and rescue and escape of a prisoner, and in charging the jury that defendant, if guilty of murder, would be guilty of murder in the first degree, for the reasons that there is no evidence showing or attempting to show burglary, or presenting an issue as to burglary, and because the entry or breaking shown to constitute the (alleged) burglary was the same entry and breaking and constituted the same offense and transaction as the felony for which the breaking and entry was made, and a burglary can not therefore be based upon the felony in reference to rescue or escape of the prisoner no more than a burglary could be predicated upon the same burglary, the latter being the felony to commit which the breaking is done and entry made."

The statute in reference to breaking into jail for the purpose of effecting the rescue or escape of a prisoner, or for the purpose of aiding in the escape·of a prisoner, is a specific statute and provides specially for one particular offense against public justice. If article 227 had been omitted from the Penal Code, the character of the offense is so entirely·different, the court, we contend, should not hold that breaking into jail constitutes burglary upon the evidence before the court in this case. The court, looking to the common law and the general classification of offense made by the Penal Code, would not hold that the offense of burglary (against property) includes the breaking into jail (an offense against public justice), and especially as the purpose of the breaking to effect an escape or rescue, is connected with public justice. It is true that a person might enter a jail-house with an intent to commit an offense against property in such manner as to constitute burglary, but that fact does not affect or render less cogent the reasons above stated.

*Rob't A. John,* Assistant Attorney-General, for the State. [No briefs for State found with the record.—Reporter.]

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of murder in the first degree, and his punishment assessed at confinement in the penitentiary for life.

When the case was called for trial appellant (a negro) moved to quash the indictment because of discrimination against the negro race. The evidence discloses that no negroes had been selected upon the grand and petit juries by commissioners or summoned by the constabulary in El Paso County, except in two or three instances, where two or three negroes had been picked up as jurymen in the County Court in civil cases. It is also shown that negroes were not summoned by the sheriff because

they would be offensive to the white jurors. It is further disclosed that appellant was not given an opportunity to exercise his right of challenge to the grand jury that indicted him. In Carter's case, 20 Supreme Court, 687, the Supreme Court of the United States say: "When the defendant has had no opportunity to challenge the grand jury which found the indictment against him an objection to the constitution of the grand jury upon this ground may be taken either by plea in abatement or by motion to quash the indictment before pleading in bar. The motion to quash on such ground being based on allegations of fact, not appearing in the record, these allegations, if controverted by the attorney for the State, must be supported by evidence on the part of the defendant." The showing made by appellant upon these matters was not controverted by the State, yet defendant supports said motion by the evidence referred to above. For collation of authorities see Smith v. State, ante, page 220. Whatever this court or the trial courts in this State may think of the decisions of the Supreme Court of the United States in reference to the question involved, the decisions are conclusive and binding. That court is the final arbiter. In addition to this binding force, good policy would demand of the State courts, in questions of this character, to follow those decisions. It would not be evidence of either good policy or wisdom to be continually sending such cases on appeal to that court under such circumstances. If, under the decision in the Carter case, supra, and its supporting authorities, it would be a sufficient answer to race discrimination to have the prisoner brought before the grand jury for the purpose of exercising his right of challenge, it would certainly suggest itself to trial courts to have this matter attended to at the impaneling of the grand jury when it is possible. Whenever a course of procedure or rules have been determined and adjudicated by the appellate courts, it is the duty of inferior courts affected thereby to give heed to and follow such rules and procedure. It saves reversals. As long as trial courts persist in violating these decisions, it will be the duty of appellate courts to as persistently reverse. Under our judicial system, where there is a difference between the inferior and higher courts, such difference of opinion results favorably to the higher or appellate tribunal, whatever the trial courts may think in reference to the matters of difference. A recognition of this principle and proposition will result beneficially to the enforcement of law. The same questions are made with reference to the petit jury, not only as to the special venire, but as well to talesmen summoned by the sheriff. Motion was also renewed as to the twelve jurors who tried the case on the same ground. We call attention of the trial courts to the decisions of the Supreme Court of the United States in regard to this matter, and suggest that the only safe rule, where these matters arise, is to follow the decision of that tribunal. The action of the court refusing to continue the case and to change the venue will not be reviewed, as they may not arise upon another trial, but, if they do, will come in different form or under different circumstances.

The court submitted the case to the jury upon the theory that the

killing was in the perpetration of burglary, and therefore murder in the first degree. Error is assigned. Appellant and others, soldiers at Fort Bliss, some five miles from El Paso, armed themselves with the guns belonging to the Federal army, as well as with axes, and proceeded to the city jail in El Paso, for the purpose of liberating one of their comrades who was there confined on a charge of drunkenness. A demand was made for the discharge of the prisoner by one of the parties. The demand was rather peremptory, and was sought to be enforced at the point of a presented gun. This precipitated the shooting, in which the deceased, Newton Stewart, was killed, as well as one of the negroes attacking the jail. The court's charge was given upon the theory that the violation of article 227, Penal Code, would constitute burglary. This article is as follows: "If any person shall break into any jail for the purpose of effecting the rescue or escape of a prisoner therein confined, or for the purpose of aiding in the escape of any prisoner so confined, he shall be punished by imprisonment in the penitentiary for a term of not less than two nor more than six years." The conception of the court in regard to this article is erroneous. An inspection of the definition of burglary will demonstrate this error. In order to constitute burglary, the breaking into the house must be by force, threats, or fraud, with intent to commit a felony or the crime of theft. An indictment charging burglary would not meet the requirements of article 227, nor could a case of burglary be charged in an indictment under article 227. Burglary, under the burglary statute, must be for the purpose of committing a felony or the crime of theft. Under article 227 it takes the breaking and rescue or intended rescue of the prisoner confined to make the felony. It would hardly do to charge under article 227, to constitute burglary, that accused did by force, threats, and fraud enter a house then and there occupied by the owner for the purpose of breaking into said house to effect the escape of some named prisoner therein. This would be a peculiar way of charging burglary. It is not burglary to break into a jail and release prisoners. These acts are made a distinct offense by the statute, and have none of the elements of burglary included, except the breaking into the house. This charge of the court was erroneous and submitted the case upon a false theory. Under the State's contention and evidence defendant and his confederates entered into a conspiracy to liberate their comrade from his confinement in the city jail. This was a conspiracy under our statute, because it was entered into for the purpose of committing a felony under article 227, not for the purpose of committing a burglary. For the errors discussed the judgment is reversed and the cause remanded.

*Reversed and remanded.*