### Lee Garrett v. The State.

No. 1644.  Decided April 3, 1912.

Rehearing Denied May 15, 1912.

**1.—Rape—Indictment—Grand Jury—Jury Commissioners.**

Where appellant complained that the grand jury which found the indictment was not a legal body because the court ordered the jury commissioners to draw only twelve grand jurymen, only eleven of whom qualified and the twelfth one was summoned by the sheriff, and no injury was shown or that the sheriff acted corruptly, there was no reversible error.

**2.—Same—Statutes Construed—Grand Jury.**

While under article 377, Code Criminal Procedure, the grand jury selected by the jury commissioners shall consist of sixteen persons, yet under article 387, id., the sheriff may summon a grand jury if for any cause there should be a failure to select same, and additional grand jurors may be summoned by the sheriff by order of the court under article 388, id., there was no error where only eleven jurors appeared to order the sheriff to select the twelfth one.

**3.—Same—Challenge to the Array.**

Under the decisions of this court, defendant could challenge the array at the time he did so, having had no opportunity for challenge to the array theretofore.

Appeal from the District Court of Gillespie. Tried below before the Hon. Clarence Martin.

Appeal from a conviction of rape; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*W. C. Linden,* for appellant.—Cited Richardson v. State, 46 Texas Crim. Rep., 83; Ray v. State, id., 176; Bickham v. State, 51 Texas Crim. Rep., 150; White v. State, 45 Texas Crim. Rep., 597.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was indicted, tried and convicted of the offense of rape, his punishment being assessed at five years confinement in the penitentiary.

There is no statement of facts accompanying the record, and in the record there is but one bill of exceptions. In this bill appellant insists that the indictment is void, because not presented by a legal grand jury. It appears from the record that Judge Martin ordered the jury commissioners, at the previous term of court, to draw only twelve grand jurymen; it further appears that at the term of court at which appellant was indicted only eleven of the twelve, selected by the jury commissioners, qualified, and the judge ordered the sheriff to summon three additional jurors and from these three the additional grand juryman was obtained. While article 377 of the Code of Criminal Procedure provides that "the jury commissioners shall select from the citizens of different portions of the county sixteen persons to be summoned as grand jurors for the next term of District Court," yet, in article 387, it is provided, "if for any cause there should be a failure to select and summon a grand jury as herein directed . . . the District Court shall on the first day of the term direct a writ to be issued to the sheriff commanding him to summon any number of persons not less than twelve nor more than sixteen persons to serve as grand jurors," and article 388, reads: "When a number less than twelve of those summoned to serve as grand jurors are found to be in attendance, and qualified to serve as grand jurors, the court shall order the sheriff to

summon such additional persons as may be deemed necessary to constitute a grand jury of twelve men." Appellant states as a reason for not challenging the grand jury at the time of its organization, that there had been no preliminary complaint filed against him, and therefore he had no opportunity until called on to announce for trial. Under the decisions of this court, appellant could challenge the array at the time he did do so, having had no opportunity to do so theretofore. The grounds for challenge to the array are: "1. That the persons summoned as grand jurors are not, in fact, the jurors selected by the grand jury [jury commissioners]. 2. In case of grand jurors summoned by order of the court, that the officer who summoned them had acted corruptly in summoning any one or more of them."

It is admitted that in the first instance all persons summoned had been drawn by the grand jury commissioners, but as one failed to qualify, or was excused, appellant contends that there was no authority to complete the panel, as the jury commission had only drawn twelve men instead of sixteen. It is not contended that the twelfth man was subject to challenge for any cause named in the Code; it is only insisted the court had no authority to have him thus selected, and the indictment for that reason void.

The Code of Procedure having provided that if for any reason there should be a failure to select a grand jury as therein provided, the court should direct the sheriff to summon men to serve, we think the court, when an insufficient number of men had been drawn by the jury commission, would have the same authority to complete the panel as if none had been drawn by the jury commissioners. If appellant could show that he suffered any injury thereby, inasmuch as the less number was drawn under instructions from the court, there might be some merit in his contention. But inasmuch as it is not attempted to be shown that the sheriff acted corruptly or that the person summoned by him was not a qualified juror, nor that he was a prosecutor in the accusation against appellant, nor that he was related in any sense to the person injured or the accused, there was no such irregularity in the proceedings as to render the indictment void.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied May 15, 1912.—Reporter.]