## BEULAH MAYFIELD V. STATE.

No. 2066.   Decided November 20, 1912.

**Assault to Murder—Jury Commissioners.**

There is no authority of law for the court to order a jury commission to summons a grand jury for any other than the next or succeeding term of court; and where the jury commissioners were ordered to summons grand jurors for the three succeeding terms of court, and defendant was indicted by a grand jury summoned for the second term after the order was made, the prosecution must be dismissed.

Appeal from the District Court of Harrison.   Tried below before the Hon. H. T. Lyttleton.

Appeal from a conviction of aggravated assault; penalty, a fine of $50.

The opinion states the case.

*Jones, Bibb & Scott,* for appellant.—White v. State, 78 S. W. Rep., 1066; Bickham v. State, 51 Texas Crim. Rep., 150; 101 S. W. Rep., 210; Irvin v. State, 57 Texas Crim. Rep., 331; 123 S. W. Rep., 127.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—In this case the court at the November term ordered the jury commissioners to summon grand jurors for the three succeeding terms of court, and appellant was indicted by a grand jury summoned for the second term after the order was made. The questions presented on this appeal are so thoroughly discussed in the case of Woolen v. State, decided at this term of court, we do not deem it necessary to do so again.   There is no authority in law for the court to order a jury commission to summon a grand jury for any other than the next or succeeding term of court.   As said in the Woolen case, it may be more convenient and less expensive to have a jury commission to draw jurymen for several terms of court, but until the law authorizes or sanctions that method, we cannot do so.

The judgment is reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*