1. CRIMINAL LAW (§ 1028*)—APPEAL AND ERROR—PRESENTATION AND RESERVATION OF GROUNDS—PROCEEDINGS ON MOTION TO QUASH INDICTMENT.

Where a motion to quash an indictment was verbal, and it was not argued by the defendant's attorney and the county attorney in open court, and ruled on by the court in open court, no question of its insufficiency is presented for review.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2619, 2620; Dec. Dig. § 1028.*]

2. INTOXICATING LIQUORS (§ 236*)—CRIMINAL PROSECUTIONS—GIFT OF LIQUOR TO MINOR—EVIDENCE.

In a prosecution for giving intoxicating liquor to a minor without the consent of his parent or guardian, evidence held insufficient to sustain a conviction.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 300–322; Dec. Dig. § 236.*]

Appeal from Scurry County Court; Fritz R. Smith, Judge.

Whitcomb Simpson was convicted of giving intoxicating liquors to a minor, and appeals. Reversed and remanded.

C. E. Lane, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. [1] The indictment charged appellant "with unlawfully giving and delivering, and causing to be given and delivered, and was concerned in the gift and delivery of, spirituous, vinous, malt, and intoxicating liquor to Jenkins De Shazo, the said Jenkins De Shazo then and there being a person under the age of 21 years, without the written consent of the parent or guardian of the said," without mentioning the name of the minor after the word "said." Verbal motion was made to quash the indictment. The court signs the bill with the statement that defendant made his motion orally, and same was not argued by his attorney and the county attorney in open court, and ruled on by the court in open court. We deem it unnecessary to review this question in the light of this record.

[2] The serious question is the want of sufficient evidence to justify the conviction. The alleged minor testified: "I live near

Camp Springs, in Scurry county. I was at Mr. Jones' on or about the 1st day of March, 1911; was there at a gathering. While there I met and saw the defendant. While there the defendant and I went out in the yard, and outside of the yard gate. The defendant had a bottle of whisky. He went to where there was a post near the yard gate, picked up something and held it to his mouth, and then set it down by a post and stepped back some distance. I picked up what proved to be a bottle of whisky and took a drink out of it and set it back where I found it. We were standing near each other when we drank the whisky. The defendant did not give me any intoxicating liquor. He did not tell me where I could find any. When he set whatever it was down and stepped off, I just went and picked it up and got a drink and set it back down where I found it. He did not ask me to have a drink; nor did he tell me where it was." The father of the minor testified that he was under 21 years of age, at least was on March 1, 1911, but would soon be 21 years of age. These were the only witnesses who testified in the case; defendant offering no evidence. We are of opinion, under this state of facts, that this conviction cannot be sustained.

The judgment is reversed, and the cause is remanded.

---

## MAYFIELD v. STATE.

(Court of Criminal Appeals of Texas. Nov. 20, 1912.)

GRAND JURY (§ 7*)—DISMISSAL.

An order of court directing the summoning of grand jurors for the three succeeding terms of court is without authority of law, and a prosecution commenced under an indictment returned by a grand jury summoned for the second term after the order was made must be dismissed.

[Ed. Note.—For other cases, see Grand Jury, Cent. Dig. §§ 2, 16, 21; Dec. Dig. § 7.*]

Appeal from District Court, Harrison County; H. T. Lyttleton, Judge.

Beulah Mayfield was convicted of crime, and appeals. Reversed, with order to dismiss.

Jones, Bibb & Scott, of Marshall, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

HARPER, J. In this case the court at the November term ordered the jury commissioners to summon grand jurors for the three succeeding terms of court, and appellant was indicted by a grand jury summoned for the second term after the order was made.

The questions presented on this appeal are so thoroughly discussed in the case of Woolen v. State, 150 S. W. 1165, decided at this term of court, we do not deem it necessary to do so again. There is no authority in law

for the court to order a jury commission to summon a grand jury for any other than the next or succeeding term of court.· As said in the Woolen Case, it may be more convenient and less expensive to have a jury commission to draw jurymen for several terms of court, but until the law authorizes or sanctions that method we cannot do so.

The judgment is reversed, and the prosecution ordered dismissed.