BEN LITTLE v. THE STATE.

No. 6988. Decided May 31, 1922.

**Assault to Commit Robbery—Jury Commissioners—Grand Jury—Indictment.**

Where the grand jury was selected by jury commissioners appointed at that term of court in violation of Article 339, C. C. P., the indictment was invalid and should have been quashed.

Appeal from the District Court of Wichita. Tried below before the Honorable E. W. Napier.

Appeal from an assault with intent to rob; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Mathis & Caldwell,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Conviction was for assault with intent to commit robbery, punishment being fixed at two years confinement in the penitentiary.

Motion in arrest of judgment was filed raising the question of an invalid indictment for the reason that same was returned at the December term, 1921 by a grand jury selected by jury commissioners appointed at that term, in violation of Article 339 Code Criminal Procedure which provides that if for any cause a grand jury is not selected by jury commissioners at the preceding term the sheriff shall be directed to summon them. The precise question was before us in Russell v. State, No. 6923, relative to an indictment returned by this same grand jury. We there held the indictment should have been quashed. Our reasons are fully set out in the opinion in that case. The motion in arrest of judgment should have been sustained.

The judgment is reversed, and the prosecution under the present indictment is ordered dismissed.

*Dismissed.*