HUNTER RUSSELL v. THE STATE.

No. 6923.   Decided June 7, 1922.

**Passing Forged Instrument—Grand Jury—Indictment.**

The Code of Criminal Procedure provides two methods by which the grand jury may be secured for regular terms of the District Court; one is by a jury commission, appointed at the preceding term, and the other is by the summoning of the jurors by the sheriff, in the event of failure to select a grand jury and where in the instant case neither of these methods was followed, nor is there any inadvertence shown, the so called grand jury was illegally organized and could not return a valid indictment, and the prosecution must be dismissed, and the accused is not required to show injury.

Appeal from the District Court of Wichita.   Tried below before the Honorable E. W. Napier.

Appeal from a conviction of passing a forged instrument; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Mathis & Caldwell,* for appellant.—Cited cases in opinion.

*W. A. Keeling,* Attorney General, and *C. L. Stone,* Assistant Attorney General, for the State.—Cited Wooten v. State, 150 S. W. Rep., 1165, and cases cited in opinion.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Wichita County of passing a forged instrument, and his punishment fixed at two years in the penitentiary.

We deem it necessary to discuss but one question presented on behalf of appellant which relates to the manner and form of the organization of the grand jury which returned the bill of indictment against him.   Appellant made a motion to quash the indictment based on what he claimed to the illegality of said grand jury.

An examination of Chapter 1, Title 7 of our Code of Criminal Procedure discloses that two methods are provided by which a grand jury may be secured for regular terms of the District Court.   One is by the action for a jury commission, appointed and acting at the preceding term, whose duty it is to draw a grand jury for the succeeding term.   The other method is provided in Article 399 of said Chapter, which article is as follows: "If, for any cause, there should be a failure to select and summon a grand jury, as herein directed, or, when none of those summoned shall attend, the district court shall, on the first day of the organization thereof, direct a writ to be issued to the sheriff, commanding him to summon any number of persons, not less than twelve nor more than sixteen persons, to serve as grand jurors."

In the instant case neither of these methods of securing a grand jury was followed, nor is the failure to select such grand jury in one of the two ways provided by the statutes shown to have been the result of inadvertence, sickness or any other excusing cause. Nor is there here offered any reason whatsoever on the part of the State for not following the plain statutory direction in the matter. From the testimony offered by the State on this issue, we observe that it cannot even be concluded that the district judge was of the opinion that the business of the court would not require a grand jury, and that for this reason none was drawn or ordered at the time and in the manner prescribed by statute.

No jury commission was appointed by said judge at the June term, 1921, to draw grand jurors for the December term, 1921, the next subsequent term. The district judge testified regarding this matter as follows: "The opening day was December 19, 1921; on December 19, 1921, I did not direct the sheriff of this county to go out and select a number of persons, not less than twelve or more than sixteen to serve as grand jurors; I did not give any orders to the sheriff on that day; I think that I told the clerk on that date who the commissioners would be, but I may have given this order on the 20th, but I thought it was on the 19th."

It is evident from the above statement of the trial judge that his purpose was to appoint a jury commission at the December term, to draw a grand jury *for that same term*. We have then here the legal proposition that the statute above mentioned plainly says that if from any cause a grand jury for the December term had not been drawn by a jury commission at the June term,—then on the first day of the December term following the judge should have directed the sheriff to summon a grand jury. We have the further fact proposition that this was not done, and that no sort of reason or excuse is offered for same not being so done. We have the further proposition that during said December term, and without reason assigned for such action, except that inferentially it was a part of the usual routine procedure of the court's work, a jury commission was appointed which drew a grand jury for service at that term, by which grand jury the indictment in the instant case was returned. This, we think, could in no event have been the proper procedure. If sufficient reason could be shown for the failure to order the sheriff to summon a grand jury on the first day of the succeeding term, this might be remedied by making such order at a later day in the term.

We are forced to the conclusion that this was a plain violation of the express command of a written statute, without reason or justification therefor. The manner of the organization of a grand jury is deemed of such importance by the legislative department of our government as that it devoted an entire chapter of our Code of Criminal Procedure to providing in detail for such organization. In the ob-

servance of many of the articles of said chapter, persons in jail and suspected of crime, as well as the general public, are directly interested. Any citizen as well as any person in jail is given the right by said articles to challenge the array, or any person presented as a grand juror; and being held to know the provision of all statutes, such persons so interested would be held to know how a grand jury should be selected, and when such challenges should be made. That they could not and would not know such facts is obviously the case if the judge might at his own pleasure change the whole manner and method of summoning such grand jury and order the same summoned at any time and place without the knowledge of interested parties.

We are not holding that reasons of sufficient weight and of great enough public interest, might not be shown in some instance which would justify a variance from the statutory mandate in the matter under discussion, though any variance is not to be encouraged. The legislative department of this government is made by constitutional decree separate from the judicial; and we should reluctantly uphold any failure to proceed in any case, as the written law directs. As a general rule where there is a statute prescribing how and in detail, procedure in regard to any matter pertaining especially to the criminal laws of this State, such a failure to follow such statute in a given matter should be held subject to the presumption of injury, and we believe that such presumption should obtain unless and until the contrary is made to appear. The matter under discussion is thoroughly and ably discussed by Judge Davidson in Wooten v. State, 68 Texas Crim. Rep., 189, 150 S. W. Rep., 1165, which is approved in Mayfield v. State, 68 Texas Crim. Rep., 276, 151 S. W. Rep., 303; King v. State, 90 Texas Crim. Rep., 289, 234 S. W. Rep., 1107; Ex parte Clemming, 90 Texas Crim. Rep., 261, 234 S. W. Rep., 667; Ex parte Holland, 91 Texas Crim. Rep., 339, No. 6713, decided February 27th of the present year. The two cases last cited differ from the instant case in that in each there was the question of a collateral attack by habeas corpus upon the indictment, and the further question arising from the statutes governing the selection of a grand jury at a special term of the District Court.

We do not think it a safe or sound rule in a case such as this to say that the accused has not shown injury, when it appears that a plain mandate of the statute has been disregarded in as grave and important a matter as the selection of a grand jury, without any attempt at justification for the departure from the statute. Johnson v. State, 86 Texas Crim. Rep., 566, 218 S. W. Rep., 496. In such case why should not the State, which is not only the accusing party but the one which admittedly made the departure, be given the laboring oar and be held to show some reason for its failure to track the law, other than that the trial court so willed?

No other reason for the failure to select the grand jury as directed by statute being shown, and there being an obvious violation of the law in the matter, we feel constrained to hold the action of the trial court to be illegal, and that the grand jury so selected was without authority of law, and that the motion to quash the indictment should have been sustained.

For the reasons stated a reversal is ordered, and that the case be dismissed.

*Dismissed.*