M. S. SAULTER, ALIAS G. J. HOLT, ALIAS G. J. HASKELL v. THE STATE.

No. 6927. Decided June 7, 1922.

**Forgery—Grand Jury—Indictment—Rule Stated.**

Where the grand jury was illegally selected and organized, it could not return a valid indictment and the prosecution must be dismissed, following Russell v. State, recently decided.

Appeal from the District Court of Wichita. Tried below before the Honorable E. W. Napier.

Appeal from a conviction of forgery; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Davenport & Thornton,* for appellant.—Cited cases in opinion.

*W. A. Kelling,* Attorney General, and *C. L. Stone,* Assistant Attorney General, for the State.—Cited: Francis v. State, 79 Texas Crim. Rep., 390, and cases cited in opinion.

LATTIMORE, JUDGE.—This conviction was for forgery in the District Court of Wichita County, with punishment of five years in the penitentiary affixed.

The indictment herein was returned by a grand jury which was selected according to neither method provided by Chapter 1, Title 7 of our Code of Criminal Procedure, but in apparent disregard of the plain direction of said statute. A motion to quash based on said ground was overruled. The matter is fully discussed in Russell v. State, No. 6923 this day decided. For the reasons given in the Russell case we are of opinion the trial court erred in overruling the motion to quash the indictment, and that same necessitates a reversal and dismissal of this case, and it is so ordered.

*Dismissed.*