### R. R. ROBINSON v. THE STATE.

No. 7057. Decided November 8, 1922.

**1.—Selling Intoxicating Liquor—Grand Jurors—Practice in Trial Court.**

We do not think the law regarding the formation of a grand jury should have such rigid and inflexible construction as that the trial court may not excuse from service on such grand jury citizens whose reasons, as presented to the court, appeal to his sound discretion, and were such as to justify the court in excusing them from service on said jury. Following Garrett v. State, 146 S. W. Rep., 930.

**2.—Same—Evidence—Confession—Bill of Exceptions.**

Where there was nothing in the bill of exceptions in any way substantiating defendant's objections to the introduction of evidence of his

confession, and was merely the statement of counsel, stating his grounds of objection, the same cannot be reviewed here.

**3.—Same—Evidence—Character of Witness.**

There was no error in the refusal of the trial court to permit the defendant to prove that a State witness on one occasion registered at a hotel as the wife of a man who was not her husband. Following McIntosh v. State, 239 S. W. Rep., 622.

**4.—Same—Argument of Counsel.**

Where the alleged argument of counsel was not objectionable, there was no reversible error.

**5.—Same—Suspended Sentence.**

Where defendant was charged with a violation of the amended Dean Law, and the facts showed him to be a man of fifty years of age, he was denied the benefit of suspended sentence, and there was no error in the court's refusal to submit this issue.

**6.—Same—Rehearing—Constitutional Law.**

Where the appellant, in his motion for rehearing, attacked the provisions of the Dean Law, Section 2, providing that no person over twenty-five years of age, convicted under said Act, shall have the benefit of suspended sentence, as being discriminatory and in violation of Section 3, of the Bill of Rights; held, that this identical question has been decided against appellant. Following Davis v. State, recently decided.

**7.—Same—Indictment—Grand Jury—Jury Commissioners—Array Challenge.**

It was the evident purpose of the Legislature, in enacting Article 409, C. C. P., to place certain limitations of time on attacks upon the organization of the grand jury, and where the bill of exceptions does not show that appellant sought to challenge the array, or that he was deprived of the opportunity to present such challenge, his attack upon the grand jury for the purpose of invalidating the indictment comes too late when presented for the first time upon motion to quash, there being no showing that appellant was deprived of the right to make the attack by challenge *in limine*. Following Russell v. State, 242 S. W. Rep., 240, and other cases.

Appeal from the District Court of Eastland. Tried below before the Honorable E. A. Hill.

Appeal from a conviction of selling intoxicating liquors; penalty, one year in the penitentiary.

The opinion states the case.

*Chastain, Judkins & Chastain,* for appellant.—On question of confessions: Thomas v. State, 32 S. W. Reu. p., 771; Gallagher v. State, 24 S. W. Rep., 288; Jackson v. State, 97 S. W. Rep., 312.

*R. G. Storey,* Assistant Attorney General, for the State.—On question of organization of grand jury: Garrett v. State, 146 S. W. Rep., 930.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Eastland County of the offense of selling intoxicating liquor, and his punishment fixed at confinement in the penitentiary for one year.

We are unable to agree with appellant's contention as set forth in his bill of exceptions No. 1 that the trial court committed error in excusing from the list of grand jurors certain men drawn thereon, and in instructing the sheriff to summon other men to take the places of those so excused. We do not think the law regarding the formation of a grand jury should have such rigid and inflexible construction as that the trial court may not excuse from service on such grand jury, citizens whose reasons as presented to the court, appeal to his sound discretion and were such as to seem to justify such action. Garrett v. State, 66 Texas Crim. Rep., 480, 146 S. W. Rep., 930.

Appellant complains by his bill of exceptions No. 2 of the introduction in evidence of his confession. We find nothing in said bill of exceptions in any way substantiating appellant's objections as stated to the reception of such confession. The officer who took same testified that he gave the defendant a warning, apparently in the terms of the statute, and that after said warning was given the accused proceeded to make the statement introduced in evidence. A statement in the bill of exceptions that said confession was extorted by threats of personal violence, would not appear to be sustained, in the absence of some showing in said bill of said fact further than the statement thereof by appellant's counsel in stating the ground of his objection.

We do not believe any error appears in bill of exceptions No. 3 which complains of the refusal of the trial court to permit appellant to prove that a State witness on one occasion registered at a hotel as the wife of a man with whom she stayed that night who was not her husband. There is no effort made to show the general reputation of said witness, or to attack her in any way except by an attempt to prove the isolated matter just mentioned. McIntosh v. State, 91 Texas Crim. Rep., 392, 239 S. W. Rep., 622.

Appellant has two bills of exception complaining of the argument of the State's attorney. We have carefully examined each of said bills and find nothing in same which in our opinion would call for a reversal of this case.

There was no error on the part of the trial court in declining to submit to the jury the issue of suspended sentence. The charge against appellant was a violation of the amended Dean Law and the uncontroverted proof in the case showed he was a man fifty years of age. The benefit of suspended sentence in such case is denied by statute.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

ON REHEARING.

November 8, 1922.

HAWKINS, Judge.—When the Thirty-seventh Legislature (1st and 2d Called Sessions, Chapter 61, page 233) amended the law relative to intoxicating liquors it provided in Section 2d that "no person over twenty-five years of age convicted under any of the provisions of this act shall have the benefit of the suspended sentence law." Appellant attacks this provision as being discriminatory and in violation of Section 3 of the Bill of Rights, and criticizes our opinion for not discussing the constitutionality of the Act. He presents an interesting and persuasive argument, but favors us with no authorities supporting his position. The identical question was passed upon in the case of Pearl Davis v. State, (No. 7127, opinion November 1, 1922), holding against the contention.

Appellant urges that in disposing of his assigned error for the trial court's refusal to quash the indictment because of alleged illegality of the grand jury we misapprehended the bill of exception presenting the questions. The bill makes it clear that after excuses and exemptions had been passed upon there remained twelve legally qualified grand jurors who had made no excuses and claimed no exemptions and who had been drawn by the jury commissioners; that the trial judge stated he wanted more grand jurors from Ranger and Cisco, as said towns were not properly represented; two of the twelve remarked if the court intended to excuse any of the grand jurors they had important business and would be glad to be excused, whereupon the two were excused, and the judge requested the sheriff to summon one juror from Ranger and one from Cisco to fill out the grand jury. The bill shows that two others were summoned but fails to show whether they were secured from Ranger and Cisco. Appellant's ground for seeking to quash the indictment was that the grand jury as organized with the two last summoned men upon it, was not selected by the jury commissioners, and therefore was not a legally constituted grand jury, and therefore their act in returning the indictment was "illegal, null and void."

It may be conceded that the impannelment of the grand jury was irregular in a respect which if properly and timely taken advantage of would have availed appellant. Article 409, C. C. P., provides that,

"Any person, before the grand jury has been impaneled, may challenge the array of jurors or any person presented as a grand juror; *and in no other way, shall objections to the qualifications and legality of the grand jury be heard.* Any person confined in jail in the county shall, upon his request, be brought into court to make such challenge.

One ground for challenge to the array is (Art 417, C. C. P.) "That the persons summoned as grand jurors are not, in fact, the persons selected by the jury commissioners."

We are not advised by the bill of exceptions that appellant sought to challenge the array, or that he was deprived of the opportunity to present such challenge. It was the evident purpose of the Legislature in enacting Article 409, *supra*, to place certain limitations of time on attacks upon the organization of the grand jury. Since the Carter case, (39 Texas Crim. Rep., 345, 46 S. W. Rep., 236, 48 S. W. Rep., 508, 117 U. S., 442, 20 Sup. Ct., 687, 44 L. Ed., 839) some confusion has arisen over the subject. The opinion of the Supreme Court of the United States, in said case makes it clear, we think, that said court recognized the validity of Article 409 of our Code of Procedure, but based its holding on the fact that said article had no application in the case because the grand jury that indicted Carter had been organized before the Commission of the alleged offense by him, and therefore he could not have availed himself of the right to challenge the array. The distinction seems to have been overlooked in Smith v. State, 42 Texas Crim. Rep., 220, 58 S. W. Rep., 97, but was adverted to in Kipper v. State, 42 Texas Crim. Rep., 613, 62 S. W. Rep., 420, and was recognized and discussed in McCline v. State, 64 Texas Crim. Rep., 19, 141 S. W. Rep., 977. The validity of Article 409, *supra*, has been recognized by this court in many cases which will be found collated in the notes under said article in 2d volume, Vernon's Criminal Statutes. We are inclined to the view that an attack such as here made upon the grand jury comes too late when presented for the first time upon motion to quash the indictment where no showing is made that appellant was deprived of a right to make the attack by challenge *in limine*. Neither do we regard this holding in conflict with our decisions to the effect that the acts of purported grand juries composed of more or less than twelve men may be attacked even after conviction for that such bodies are not in fact grand juries but are attempting to function as such in violation of Article 5, Section 13 of the State Constitution. In the recent cases of Russell v. State, 92 Texas Crim. Rep., 93, 242 S. W. Rep., 240, Saulter v. State, 92 Texas Crim. Rep., 96, 242 S. W. Rep., 242 and Acuff v. State, (No. 7175, decided November 8, 1922), Article 409, C. C. P., was not considered, and the opinions were based upon the fact that the jury commission itself, which selected the grand jury, was appointed at a time not authorized by the statute.

For the reasons given we conclude the motion for rehearing should be overruled, and it is so ordered.

*Overruled.*