PABLO BAEZA v. THE STATE.

No. 7502. Decided April 4, 1923.

**1.—Swindling—Indictment—Grand Jury—Burden of Proof.**

Where appellant contended that the trial judge, having failed to have a jury commission appointed at the preceding term, the duty devolved upon the State to show affirmatively why this was not done; *held* the presumption is that the trial judge was acting within his judicial powers in the orders made by him, and defendant has the burden to show that he acted erroneously. Distinguishing Woolen v. State, 68 Texas Crim. Rep., 189.

**2.—Same—Statutes Construed—Jury Commission—Grand Jury.**

In the absence of a showing that it was an intentional failure to carry out the provisions of Article 384, C. C. P., this court must presume that the trial court was doing what he had a right to do under the statute. Distinguishing Russel v. State, 242 S. W. Rep., 240, and other cases.

**3.—Same—Summoning Grand Jury—Writ—Oath of Officer.**

There was no error, the judge having failed to have a writ issued directing the sheriff to summon the grand jury in question, to swear him in open court and direct him orally to summon the grand jury, and this would not vitiate the acts of the grand jury so summoned and impaneled. Following King v. State, 90 Texas Crim. Rep., 289.

Appeal from the District Court of Presidio County. Tried below before the Hon. James Cornell.

Appeal from a conviction of swindling; penalty, two years in the penitentiary.

The opinion states the case.

*K. C. Miller and C. R. Sutton* for appellant.

*R. G. Storey,* Assistant Attorney General for the State.

HAWKINS, JUDGE.—Conviction was for felony swindling, punishment being assessed at two years confinement in the penitentiary.

The facts upon which the State relied for a conviction are short. J. Soroker was the manager of a mercantile establishment which restricted him to sales for cash only. A day or two before the date of the alleged offense appellant bargained for a bill of goods and paid all but $5.60 due thereon. The merchandise was held in the store until he returned and paid this balance. On the day of the alleged offense he purchased another bill of goods amounting to $48.25 and gave to said Soroker a check for $53.85 to cover the bill purchased on that day and the balance of $5.60 on the bill theretofore purchased, whereupon he was permitted to remove from the store the goods included in the purchases made upon the two occasions. It transpired that appellant had no money in the bank, had never had an account there and had no reason to believe that the check would be paid when presented. Appellant and his witnesses testified that the first bill of goods purchased were delivered to him and removed from the store; that it was a credit transaction and that likewise the second purchase was a credit transaction; that the check was executed not in payment for the goods but simply as a memoranda of a promise to pay and as fixing the amount due. The defensive issues in so far as they were raised by the testimony were submitted to the jury and settled adversely to appellant's version of the matter. No complaint is made at the charge of the court, and the special charges requested, so far as applicable and not covered by the main charge, were given.

Only one question is presented for review. The validity of the indictment is challenged on the ground that the grand jury which returned the indictment was not drawn by a jury commission appointed at the preceding term of court required by Article 384 Code Crim. Procedure; but that the judge failed and neglected to organize a jury commission and have a grand jury drawn, and that on the first day of the instant term he called the sheriff into open court, administered an oath to him, and directed him to summon sixteen men from which the grand jury were selected; that no writ of any character was issued directing the sheriff to so summon the grand jurors, but the instructions to him were orally given by the judge.

Appellant's contention proceeds upon the theory that the trial judge having failed to have a jury commission appointed at the preceding term of court, the duty developed upon the State to show affirmatively why this was not done and show that proper reasons existed authorizing the judge to direct the sheriff to summon a jury at the instant term. We do not so understand the law to be. The presumption is that the trial judge was acting regularly and within his judicial rights in orders made by him, and a party asserting to the contrary has the burden of affirmatively showing that he acted erroneously. Article 399 Code Cr. Proc. provides that if for any cause there should be a failure to select and summon a grand jury as provided in Article 384, the court shall on the first day of the term "direct

a writ to be issued to the sheriff, commanding him to summon any number of persons not less than twelve nor more than sixteen to serve as grand jurors.'' The grand jurors were summoned in obedience to the court's order, but no writ was issued under the direction of the court. Appellant cites Woolen v. State, 68 Tex. Cr. R., 189, 150 S. W. Rep., 1165, as supporting his contention. In that case it was made to appear that the trial judge had *intentionally* refrained from appointing a jury commission at the preceding term, and had changed the method provided by article 384 because he thought his was a better plan and less expensive to the county. It does not appear that such were the conditions in the instant case. The bill of exception recites that the trial judge ''failed and neglected'' to appoint jury commissioners at the preceding term, but the failure and neglect may have resulted from oversight or inadvertence on the part of the trial judge, in which event he would be authorized under article 399 to direct the sheriff to summon the jurors as was done in this case. In the absence of a showing that it was an intentional failure to carry out the provisions of article 384 of the Code Crim. Proc., we must presume that the court was doing what he had a right to do under the statute. Russell v. State, 92 Texas Crim. Rep., 93, 242 S. W. Rep., 240, also cited by appellant is not in point. There the judge had not appointed a jury commission at the preceding term to select grand jurors, and at the instant term did not have the sheriff summon them as provided by article 399, but appointed a jury commission to select the jurors for the present term. We held that as neither article 384 nor 399 had been followed the grand jury was illegally selected.

Appellant's other contention is that the judge having failed to have a *writ* issued directing the sheriff to summon the grand jury in question but having sworn him in open court and directed him orally to do so would vitiate the acts of the grand jury so summoned and impaneled. We think the language of Judge Morrow in King v. State, 90 Tex. Cr. R., 289, 234 S. W. Rep., 1107, appropriate here,

''To require so strict an adherence to the procedure prescribed by statute as would be involved in sustaining appellant's point would exalt form above substance to an unwarranted degree.''

The point at issue in the King case about which the foregoing language was used was the contention that if the envelope containing the names of the grand jurors previously drawn was not opened according to the literal terms prescribed by article 395, Code Cr. Proc., and the jurors summoned for the *first* day of the term of court that the list could not legally be thereafter opened and the jurors summoned. Such contention was not upheld. The *writ* designated to be issued to the sheriff is simply his authority for summoning the grand jurors and could serve no other purpose than that. If he received his instructions orally in open court from the judge and acted thereunder,

and in obedience to his summons the persons appear and are organized into a grand jury, we are unable to see how appellant would have just ground for complaint because the sheriff was not armed with a *writ* authorizing him to so summon them. A similar complaint was not sustained in Luster v. State, 63 Tex. Cr. R., 541, which case has been recently discussed and followed in Adams v. State, (No. 7349, opinion delivered March 14th, 1923).

Finding no·error in the record which would authorize a reversal, the judgment is affirmed.

*Affirmed.*