GRADY WARREN v. THE STATE.

No. 17255. Delivered February 27, 1935.

The opinion states the case.

*Warren B. Phillips, J. C. Dorbandt,* and *Ronald Smallwood,* all of Tyler, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for murder; punishment, death.

We are confronted on the threshold of our consideration of this case by the confession of the State's attorney with this court of error in the formation of the grand jury.

The indictment upon which the trial was had was returned on January 2, 1934, into the special district court for Smith and Upshur Counties, holding session in Smith County, Texas. From the record we learn that an order was made by the judge of said court on January 1, 1934, and duly entered in the minutes, the substance of which was that no grand jury had theretofore been summoned for the January, 1934, term of said court, which convened on the day this order was made,—and it being

deemed necessary and proper by the court that a grand jury should be summoned and impaneled at said term, therefore "The sheriff of Smith County, Texas, be, and he is hereby directed to summon sixteen persons having qualifications, etc., to attend and serve as grand jurors at this term of this court in Smith County, Texas."

The grand jury, so impaneled, did in fact meet and return the indictment herein against appellant on January 2, 1934. When the case was called for trial appellant moved to quash the indictment upon the ground that the requirement of article 348, C. C. P., was not complied with in the manner of the selection of the grand jury. His bill of exceptions to the overruling of his motion to quash is qualified at length by the judge before whom the case was tried, which sets out that appellant was in jail when said grand jury was impaneled, and at no time did he challenge the array, nor did he make request that he be brought into court for the purpose of making such challenge. It is also set forth in said qualification that on January 15, 1934, appellant and his counsel appeared before Judge Brooks of the Special District Court of Smith County, objecting to the transfer of this case to the Seventh District Court, and at this hearing no motion to quash this indictment was made, and the following statement appears: "This occurred three days prior to the filing of the motion to quash the indictment in the Seventh Judicial District Court."

We may be in error, but, if we understand this record, there was no transfer of this case to the Seventh District Court, but upon an exchange of benches this case was tried by the judge of the Seventh District Court sitting on the bench of the Special District Court of Smith County,—and there could be no possible application of the rule requiring all preliminary motions to be made and disposed of before a change of venue.

Nor do we think this case should be decided by attempted application of the rule depriving one who was in jail when the grand jury was impaneled in the regular and legal way, of the right to have the indictment quashed upon motion,—the refusal to grant such motion being put upon the ground that he failed to make challenge to the array of the grand jury, or to request that he be brought from jail for such purpose. When one is in custody or on bond, when the grand jury is impaneled in legal manner and form, his remedy would be to challenge the array, or at least request that he be brought forth from custody for that purpose,—but when the law governing the

organization and selection of the grand jury be not followed, a different rule obtains.

Article 348, C. C. P., before it was amended by the 43rd legislature, gave specific directions as to the course to be pursued by the trial court in the formation of his grand jury, which directions were here followed by the learned trial judge. Said article states that if from any cause a grand jury had not been selected, etc., the judge of the court on the first day of its organization might direct that a writ issue to the sheriff commanding him to summon persons, not less than twelve nor more than sixteen, to serve as grand jurors. As is above stated, this statute was literally complied with here.

Unfortunately, article 348, supra, was amended by the 43rd Legislature, Regular Session, chap. 27, p. 56, so as to read as follows: "Article 348. If there should be a failure from any cause to select and summon a Grand Jury, as herein directed, or, when none of those summoned shall attend, the District Court shall, on the first day or at any time thereafter at the discretion of said court, direct a writ to be issued to the Sheriff commanding him to summon a Jury Commission, selected by the court, which commission shall select not less than twelve nor more than sixteen persons, as provided by law, who shall serve as Grand Jurors."

It is to be regretted, and we can see no good reason why the Legislature did not see fit, in its amended statute, to permit and authorize either the old way or the new one set out in said amended article, to be resorted to in the selection of a grand jury,—but they did not see fit to do so, and this court has no option but to hold the action of the trial court following the direction of the discarded statute, as wholly contrary to proper procedure. The amended statute became effective in August, 1933, several months before this jury was impaneled, and was the law of Texas when the erroneous order was entered first hereinabove referred to. What we said in Russell v. State, 92 Texas Crim. Rep., 93, has application:

"We are forced to the conclusion that this was a plain violation of the express command of a written statute, without reason or justification therefor. The manner of the organization of a grand jury is deemed of such importance by the legislative department of our government as that it devoted an entire chapter of our Code of Criminal Procedure to providing in detail for such organization. In the observance of many of the articles of said chapter, persons in jail and suspected of crime, as well as the general public, are directly interested.

Any citizen, as well as any person in jail, is given the right by said articles to challenge the array, or any person presented as a grand juror; and, being held to know, the provisions of all statutes, such persons so interested would be held to know how a grand jury should be selected, and when such challenges should be made. That they could not and would not know such facts is obviously the case, if the judge might at his own pleasure change the whole manner and method of summoning such grand jury and order the same summoned at any time and place without the knowledge of interested parties. * * *

"We do not think it a safe or sound rule in a case such as this to say that the accused has not shown injury, when it appears that a plain mandate of the statute has been disregarded in as grave and important a matter as the selection of a grand jury, without any attempt at justification for the departure from the statute. Johnson v. State, 86 Texas Crim. Rep., 566, 218 S. W., 496. In such case why should not the State, which is not only the accusing party but the one which admittedly made the departure, be given the laboring oar and be held to show some reason for its failure to track the law, other than that the trial court so willed?"

See Saulter v. State, 92 Texas Crim. Rep., 96; Little v. State, 92 Texas Crim. Rep. 295; Acuff v. State, 92 Texas Crim. Rep., 548; Baeza v. State, 94 Texas Crim. Rep., 166; Powell v. State, 99 Texas Crim. Rep., 282; Simms v. State, 102 Texas Crim. Rep., 428; Frey v. State, 109 Texas Crim. Rep., 172; Pena v. State, 114 Texas Crim. Rep., 25.

There appear in the record many complaints of procedure, but same may not arise or appear should there be another trial upon another indictment.

For the error of the court in refusing to quash the indictment upon the ground mentioned, the judgment is reversed and the prosecution is ordered dismissed.

*Reversed and prosecution ordered dismissed.*