

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**          August 22, 1960

Honorable Jimmy Morris          Opinion No. WW-910
County Attorney
Navarro County                 Re: Does Article 2135,
Corsicana, Texas                   Vernon's Civil Stat-
                                   utes, relating to
                                   jury service apply to
                                   members of the Grand
Dear Mr. Morris:                   Jury Panel?

     In your letter requesting an opinion from this office
you ask whether Article 2135, Vernon's Civil Statutes, as
amended, applies to members of the Grand Jury Panel.

     You state in your letter that:

          "No where in the Code of Criminal Pro-
     cedure is there a provision for <u>excuses</u> for
     members of the Grand Jury Panel.  . . ."

     Article 339, Vernon's Code of Criminal Procedure, sets
out the qualifications of a grand juror.  Article 352 of the
Code of Criminal Procedure provides that the court shall
proceed to test the qualifications of those summoned to serve
as grand jurors.  Article 356 provides that the court may
excuse those persons summoned who do not possess the necessary
qualifications.

     Under Article 356, Vernon's Code of Criminal Procedure,
it has been held that a court may excuse from service on the
grand jury citizens whose reasons as presented to the court
appeal to his sound discretion and are such as to justify his
action.  <u>Robinson v. State</u>, 244 S.W. 599 (Tex. Crim. 1912).

     Article 2135, Vernon's Civil Statutes, applies to <u>exemp-</u>
<u>tions</u> and not to excuses.  It provides in part that:

          "All competent jurors are liable to
     jury service, except the following persons:
     . . ."

Then follows a list of those persons who are <u>exempt</u> from jury service.

It is well settled that those persons exempt from jury service under Article 2135, Vernon's Civil Statutes, are not disqualified from grand jury service, but that the exemption is a personal privilege to be claimed or waived by them, and that it is only when they claim their exemption that they are entitled to be released from grand jury service. <u>Owens v. State</u>, 8 S.W. 658 (Tex. Ct. App. 1888); <u>Edgar v. State</u>, 127 S.W. 1053 (Tex. Crim. 1910); 20-B Tex. Jur. 538, Grand Jury, Section 12.

Section 3, 39 Tex. Jur. "Statutes," p. 12, reads in part as follows:

> ". . . Nor is it necessarily essential that a given provision be placed in a particular code in order that it may be effective;  on the contrary an article of the Penal Code may impose a civil duty, or the Civil Statutes may contain provisions governing the trial of both civil and criminal cases.  . . ."

Further, Article 336 of the Code of Criminal Procedure states in part:

> ". . . The clerk shall furnish . . . the names of those appearing from the records of the court to be <u>exempt</u> or disqualified from serving on the <u>jury</u> . . ." (Emphasis added)

Inasmuch as the word <u>exempt</u> was used in the above statute and is not mentioned further in the Code of Criminal Procedure, and in view of the other statutes and cases cited above, it is the opinion of this office that Article 2135, Vernon's Civil Statutes, does apply to members of a grand jury panel.

SUMMARY

> Under Article 356, Vernon's Code of Criminal Procedure, a court may <u>excuse</u> from grand jury service citizens whose reasons appeal to his sound discretion.  Those persons classified as exempt under Article 2135, Vernon's Civil

Statutes, are entitled to be released from grand jury service if they claim their exemption.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Martha Joe Stroud
Martha Joe Stroud
Assistant

MJS:mm:ms

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

C. Dean Davis
Riley Eugene Fletcher
Phocion S. Park III
Iola B. Wilcox

REVIEWED FOR THE ATTORNEY GENERAL
BY: Houghton Brownlee, Jr.